COMMISSIONER OF CORPORATIONS AND TAXATION *vs.*
CITY OF CAMBRIDGE
(and a companion case between the same parties).

Suffolk.    December 4, 1946. — February 13, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Taxation,* Distribution of taxes, Corporate franchise tax. *Electric Company. Corporation,* Electric company.

Under G. L. (Ter. Ed.) c. 58, § 24, as amended by St. 1933, c. 254, § 23, a corporate franchise tax paid by an electric light company, where all but nine of its shares of stock were owned by trustees under a business trust who were residents of the Commonwealth, and only one of the nine other shares was owned by a nonresident, should all be paid to a city where the company carried on all its business, except an amount corresponding to the one share owned by the nonresident, which should be retained by the Commonwealth.

A company engaged in the distribution and sale of electricity for lighting, heating and power in a city, probably more than half of whose output of electricity was sold for purposes other than illumination, was an "electric light company" within the provisions of G. L. (Ter. Ed.) c. 58, § 24, as amended by St. 1933, c. 254, § 23.

APPEALS from decisions of the Appellate Tax Board.

*C. A. Barnes,* Attorney General, & *W. G. Perrin,* Assistant Attorney General, for the Commissioner of Corporations and Taxation, submitted a brief.

*J. A. Daly,* City Solicitor, for the city of Cambridge.

RONAN, J.    These are two appeals by the commissioner of corporations and taxation from decisions of the Appellate Tax Board that the city of Cambridge was entitled to share to the extent of $124,913.26 in the proceeds of the corporate

franchise tax paid in 1943 by the Cambridge Electric Light Company, and to the entire proceeds of the tax paid by this company in 1944, which amounted to $139,837.59.

The commissioner under date of November 22, 1943, sent a letter to the treasurer and assessors of Cambridge advising them that the city was credited with certain amounts received from taxes collected in 1943. Three items, naming the taxes and giving the statutory references under which these amounts were collected, together with the particular amounts collected, were set forth. In a similar form the amounts previously forwarded in 1943 were set forth in four items. No mention whatever of a corporate franchise tax paid by the Cambridge Electric Light Company was made, nor was there any item with reference to a corporate franchise tax. A petition for a writ of mandamus was filed by the city to compel the commissioner to make a determination of the amount due to the city for the corporate franchise taxes for 1943 and 1944, which came on to be heard with a similar petition filed by the city of Springfield, and as a result the commissioner stipulated with the city in a similar manner as he did with the city of Springfield, described in *Commissioner of Corporations & Taxation* v. *Springfield,* decided this day. The commissioner in accordance with this stipulation notified the city treasurer on August 9, 1944, that he had determined that no distribution or credit was due to the city on account of any franchise taxes paid in 1943 and in 1944 by the Cambridge Electric Light Company. The board was of the opinion that the letter of November 22, 1943, was not a sufficient notice in accordance with G. L. (Ter. Ed.) c. 58, § 25, as appearing in St. 1934, c. 323, § 3, as amended by St. 1941, c. 729, § 11, that the letters of August 9, 1944, were notices that the commissioner had determined that no part of the taxes for 1943 and 1944 were due to the city, and that the appeals of the city to the board were seasonably filed.

All the shares of stock of the Cambridge Electric Light Company were in 1943 owned by the New England Gas and Electric Association except nine shares, one of which was owned by a nonresident of the Commonwealth, and in 1944

all the shares were owned by said New England Gas and Electric Association. The legal title to these shares was in the name of its four trustees, all of whom were residents of the Commonwealth. It was decided in *Peterson* v. *Hopson*, 306 Mass. 597, that this company was a trust.

The Cambridge Electric Light Company in 1943 and 1944 was engaged in the distribution and sale of electricity for lighting, heating and power in the city of Cambridge and in no other place. Probably more than half of its total output of electricity was sold for purposes other than for illumination.

The contentions raised by the commissioner were the same as those raised and held to be untenable in *Commissioner of Corporations & Taxation* v. *Springfield, ante,* 31. The amounts found by the board must be paid to the city, together with costs.

*So ordered.*