CITY OF BOSTON *vs.* COMMONWEALTH.

Suffolk.    October 9, 1947. — December 11, 1947.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Dependent Child.   Public Welfare.   Words,* "Reimbursement."

The obligation of the Commonwealth under G. L. (Ter. Ed.) c. 118, § 6, to reimburse a city for "one third of the amount of aid" disbursed "in respect to all mothers in receipt of aid" under that chapter was not lessened by the city's also receiving Federal funds respecting such disbursement.

PETITION, filed in the Superior Court on March 31, 1942. The petition was heard by *Pinanski,* J.

In this court the case was submitted on briefs.

*J. L. Vallely,* Assistant Corporation Counsel, *& W. H. Kerr,* for the petitioner.

*C. A. Barnes,* Attorney General, *& B. H. Mullaney,* Assistant Attorney General, for the Commonwealth.

RONAN, J.   This is a petition filed under G. L. (Ter. Ed.) c. 258, § 1, to recover from the Commonwealth the sum of $63,070.27 alleged to be the balance due on one third of the total amount expended by the city of Boston, in rendering aid in accordance with G. L. (Ter. Ed.) c. 118 to mothers with dependent children[1] who were in need of relief and

---

[1] The title of c. 118 was changed from "Aid to Mothers with Dependent Children" to "Aid to Dependent Children" by St. 1936, c. 413, § 1, which inserted in General Laws (Ter. Ed.) a new c. 118 in place of the previous chapter.

support, from April 1, 1936, to December 31, 1936. The case was submitted to the Superior Court upon a statement of agreed facts. The question presented is whether the Commonwealth is liable for one third of the total amount expended by the city or for only one third of the sum remaining after deducting from the total amount the amounts of Federal funds received by the city. The judge after making a decision for the Commonwealth reported the case with the stipulation that if his decision was wrong a decision in favor of the petitioner was to be entered for $63,070.27 with interest from the date of the filing of the petition.

The proportions in which the Commonwealth and the cities and towns should share the burden incurred by rendering mothers' aid were fixed by § 6 of St. 1913, c. 763, which first authorized this form of relief. This section provided for the reimbursement of cities and towns for one third of the amount of aid given and for the total amount if the mother who received the aid had no settlement in the Commonwealth. If the recipient of the aid had a settlement in some city or town in the Commonwealth other than the one rendering the aid, the latter was entitled to recover two thirds of the amount expended from the city or town of settlement. This statutory provision became G. L. c. 118, § 6. This § 6, as amended by St. 1926, c. 241, § 6, was in force when the instant aid was furnished by the city and, in so far as material, provided that "In respect to all mothers in receipt of aid under this chapter the town rendering the aid shall . . . be reimbursed by the commonwealth for one third of the amount of the aid given, or, if the mother so aided has no settlement, for the total amount thereof. If the mother so aided has a legal settlement in another town two thirds of the amount of such aid given may be recovered in contract against the town liable therefor in accordance with chapter one hundred and seventeen." This section as then amended became G. L. (Ter. Ed.) c. 118, § 6. The furnishing of this form of relief was, by the statute which authorized it, made the common burden of the Commonwealth and the cities and towns, and the proportion in which they should bear this burden was a matter appropriate for

legislative determination. *Cohasset* v. *Scituate*, 309 Mass. 402. *Attorney General* v. *Board of Public Welfare of Northampton*, 313 Mass. 675. That proportion remained the same from the beginning until after the aid in question was furnished. All previous statutes and the one in effect when the instant aid was given by the city made no provision in case some third party should contribute toward the cost of this relief. It could hardly have been contemplated in 1913 when this proportion was first fixed, or in 1926 when this same proportion was continued, that this burden would be lightened by the grant of Federal funds. See *Boston & Providence Railroad* v. *Old Colony Railroad*, 269 Mass. 190, 196; *Eastern Massachusetts Street Railway* v. *Boston Elevated Railway*, 310 Mass. 659, 668.

The Commonwealth contends that it was entitled to have the Federal funds received by the city deducted from the total expense incurred by the city in computing the amount which the Commonwealth was compelled to contribute, as the statute as it then read provided that the city "shall . . . be reimbursed by the commonwealth for one third of the amount of the aid given." It is urged that "reimbursement" means that all that is required of the Commonwealth is to pay one third of the net amount expended by the city. The word reimburse has been frequently construed as repaying or making good the amount paid out, *Woerz* v. *Schumacher*, 161 N. Y. 530; *County of Henrico* v. *Richmond*, 177 Va. 754, but the term is not so limited in the governing statute. Nowhere does the statute base the Commonwealth's contribution on one third of the net expense incurred by the city, but on the contrary it fixes the extent of the contribution as "one third of the amount of the aid given." These quoted words had the same meaning in 1936 as they had in 1913 when they first appeared in the statute fixing the proportionate shares in which the Commonwealth and the cities and towns should bear the expense incurred by mothers' aid. The contention now made cannot be any more successfully urged as to relief rendered in 1936 than it could as to aid given in 1913. These words are not to be given a new meaning upon the allocation of Federal funds

by construing them as then read to specify one third of the sum remaining after deducting Federal grants from the amount of aid given. *Libby* v. *New York, New Haven & Hartford Railroad,* 273 Mass. 522. *Dunn* v. *Commissioner of Civil Service,* 281 Mass. 376. The measure of the Commonwealth's liability is one third of the amount of aid given. We cannot read into the statute a reduction of that liability by giving the Commonwealth a credit by reason of the allocation of Federal funds. We are supported in this construction of the statute by the failure of the Legislature to change this proportion even after Federal grants were made under the social security act of August 14, 1935, 49 U. S. Sts. at Large, 620, and when a new c. 118 was inserted by St. 1936, c. 413, § 1, which so far as now material became effective January 1, 1937, and which provided in the new § 6 of this chapter that the town rendering the aid should "be reimbursed to the extent of moneys received by the commonwealth from the federal government on account of such disbursement, under the provisions of the federal social security act, approved August fourteenth, nineteen hundred and thirty-five, and also by the commonwealth for one third of the total amount disbursed." Subsequent legislation may be considered in the interpretation of prior legislation on the same subject. *Hurle's Case,* 217 Mass. 223, 226. *Tiger* v. *Western Investment Co.* 221 U. S. 286. *Great Northern Railway* v. *United States,* 315 U. S. 262. The share of the Commonwealth's contribution remained the same as it always had been. Federal grants were not to be included in a computation of the obligation to contribute to the town furnishing the aid, for the extent of that obligation continued as "one third of the total amount disbursed." The reimbursement of the city to the extent provided by the statute was mandatory and does not permit the deduction sought by the Commonwealth. *Milton* v. *Auditor of the Commonwealth,* 244 Mass. 93. *Commissioner of Corporations & Taxation* v. *Cambridge,* 321 Mass. 44.

The Commonwealth contends that, unless Federal grants are deducted from the expenses incurred by the city in rendering aid, the latter may in some particular cases re-

ceive more than it has paid out. The city denies that there could be any such cases. We need not decide that question, for there is nothing in the agreed facts tending to show that the city is endeavoring to recover for any disbursements which have not been made in compliance with c. 118, and there is no dispute as to the amount of aid furnished by the city during the period in question. In any event, the extent of the obligation imposed on the Commonwealth was fixed in plain and definite terms as one third of the amount of aid furnished. If the actual operation of this statute, G. L. (Ter. Ed.) c. 118, § 6, as it was before the revision by St. 1936, c. 413, § 1, has resulted in some instances in the city being overpaid, that is a matter for the Legislature.

Decision is to be entered for the petitioner in accordance with the stipulation. G. L. (Ter. Ed.) c. 258, § 3, as appearing in St. 1932, c. 180, § 41. *Charles I. Hosmer, Inc.* v. *Commonwealth,* 302 Mass. 495. *Franklin A. Snow Co.* v. *Commonwealth,* 303 Mass. 511. *Coleman Bros. Corp.* v. *Commonwealth,* 307 Mass. 205.

<div align="right">

*So ordered.*