*Western District*

No. 101

## LINTRON CORPORATION

v.

## WORCESTER TAPER PIN CORPORATION

Argued: Apr. 17, 1973 - Decided: Apr. 27, 1973

*Present:* Dudley, P.J., Sloan, Cimini, JJ.

Case tried to *Mellquist J.* in the Central District Court of Worcester. Docket No. 171306.

**Sloan, J.** This is an action of contract in which by Count 1 the plaintiff hereinafter referred to as "Lintron" claims to be entitled to the sum of $6,781.81 from the defendant hereinafter referred to as "Worcester" in accordance with an account annexed; and by Count 2 claims to be entitled under a written contract to reimbursement for the salary of the plaintiff's president for a certain period together with certain sales and promotion expenses incurred by the plaintiff.

The answer was a general denial and a plea of payment.

The court made a general finding for "Lintron" in the sum of $6,781.81.

At the close of the trial and before the final arguments, "Worcester" made the following request for ruling:

"1. The defendant may be liable under Clause 2(B) of the August 8, 1969 contract only for the amounts actually paid by Lintron Corporation to Richard D. Pouliot for salary between August 8, 1969 and August 8, 1970."

The trial justice denied the request for ruling with the statement, "This request is denied as contrary to the evidence."

Worcester in its brief admitted it owes Lintron $2,071.71 which represents the salary of Pouliot for the month of January, 1970 and associated F.I.C.A. taxes.

*At the trial there was evidence tending to show the following*:

In the summer of 1969 Lintron was the owner of a patent covering a device known as a "linear actuator." Lintron did not have the financial means to manufacture the actuator and Worcester agreed to furnish all manufacturing and production facilities, labor and clerical assistance to place the actuator on the market.

On *August 8, 1969* "Lintron" and "Worcester" signed a written contract drafted by Worcester's counsel. This contract provided, among others that 2. We will *reimburse* Lintron Corporation for the following:

(b) The salary of Richard D. Pouliot as President, at the level of $18,000 per year, payable monthly. [Emphasis added].

Pouliot worked for "Lintron" in January, February, March and April, 1970.

"Lintron" did pay Pouliot the salary for January, 1970, but did not pay him the salary for February, March and April, which with the taxes amounted to $4,716.

The venture proved to be a failure and wound up by Worcester claiming that Lintron owed it $8,722.50 and Lintron claiming that Worcester owed it at least $6,781.81.

Worcester claims that since "Lintron" did not actually pay Pouliot the salary for February, March and April that there is nothing to reimburse Lintron for, claiming that reimbursement means a reimbursement of money paid out.

Lintron claims that since it has incurred a

liability of $4,716 it is entitled to be reimbursed in that amount.

The case hinges on the meaning of the word "reimburse."

■ The construction of a written contract where there is no ambiguity is a question of law. *Hiller* v. *Submarine Signal Co.*, 325 Mass. 546. *Sherman* v. *Employers Liability Assurance Corp. Ltd.*, 343 Mass. 354.

■ Reimburse means "to pay back, to make restoration, to repay that expended: to indemnify or make whole." Blacks Law Dictionary Revised Fourth Edition.

Ballantines Law Dictionary Third Edition defines reimburse as "To place in a treasury, as an equivalent for what has been taken, lost or expended: to refund: to pay back: to restore."

Our Supreme Court in the case of *Boston* v. *Commonwealth*, 322 Mass. 177, 179 has stated "The word reimburse has been frequently construed as repaying or making good the amount paid out."

We are constrained to agree with "Worcester" in its interpretation of the meaning of the word "reimburse."

We find that the trial justice committed prejudicial error in finding for Lintron in the sum of $6,781.81. The finding for the plaintiff is to be reduced to $2,071.71.

RUSSELL F. BATH JR.
  for Plaintiff
T. PHILLIP LEADER
  for Defendant