Black, J.
This is an action of contract commenced on September 8,1983, by the plaintiff, H. Paul Deshaies, as Trustee of the H.P.D. Realty Trust, against the defendant, Russell Varteresian, in which the former sought to recover the sum of $1,000.00. The complaint alleged that (1) on or about June 13, 1983, the plaintiff and his co-trustee entered into a purchase and sale agreement whereby the plaintiff and his co-trustee were to purchase from the defendant the land and buildings at number 25 Rockland Street, West Roxbury, Massachusetts; (2) the said agreement called for a deposit from the plaintiff of $1,000.00, refundable to the plaintiff in the event certain conditions relative to financing were not met; and (3) the conditions could not be met and demand was made upon the defendant for a return of this $1,000.00 deposit, which was refused.
The defendant duly answered by admitting the allegations set forth in (1) above and also admitted to (2), but further stated that under the provision of the purchase and sale agreement, specifically provision 8, set forth on page two (2) thereof, the deposit was refundable only on or before the date and time set for the passing of papers. The defendant denied the plaintiffs allegations as set forth in (3).
At trial, there was evidence tending to show that the parties had entered into the purchase and sale agreement on June 13,1983, including the pages marked “ADDENDUM”. By its terms, the time for performance (i.e. passing of papers) was specified as 10:00 a.m. on the thirtieth day of June, 1983, at the Suffolk Registry of Deeds. “Conditions”, two of which were pertinent namely:
(3) Subject to Buyer being able to obtain Construction Financing of an amount of no less than $450,000.00 from a qualified lending institution at prevailing interest rates in or within seventeen (17) days from date this agreement is executed.
(5) If any of the foregoing conditions cannot be met within seventeen (17) days, this agreement shall be null and void at option of Buyer, and all deposits held by the Seller shall be returned to the Buyer upon termination of this agreement.
The purchase and sale agreement stipulated that “time is of the essence of this agreement” and provided for retention of the deposit by the seller *29 (defendant) in the event the buyer (plaintiff) failed to perform according to the terms of the said agreement. There was evidence that the defendant was at the Suffolk County Registry of Deeds at 10:00 a.m. on June 30,1983, ready, willing and able to make a conveyance, but the plaintiff failed to appear at any time that morning. The plaintiff did, however, appear at the defendant’s home at 10:30 a.m. on that date and delivered a letter to the effect that he had been unable to obtain the requisite financing and asked for a return of the $1,000.00 deposit.
The trial judge found for' the defendant.
After trial and before closing arguments, the plaintiff submitted the following requests for rulings, which were acted upon by the trial judge as indicated:
1. Upon all the evidence a finding for the plaintiff in the sum of $1,000.00 is required as a matter of law; ACTION OF COURT: DENIED.
2. Upon all the evidence a finding for the plaintiff in the sum of $1,000.00 is warranted as a matter of law: ACTION OF COURT: ALLOWED.
3. Condition (5) of the Purchase and Sale Agreement Dated June 13,1983 between the plaintiff and the defendant required the return of the $1,000.00 deposit to the plaintiff in thé event the plaintiff was unable to obtain financing for the purchase in or within seventeen (17) days of June 13,1983; ACTION OF COURT: ALLOWED.
4. The plaintiff duly notified the defendant that he was unable to obtain financing in accordance with condition (3) of said purchase and sale agreement; ACTION OF COURT: DENIED.
5. The defendant subsequently sold the subject property to a third party for a sales price in excess of the price called for in said purchase and sale agreement of June 13, 1983 and that allowing the defendant to retain said $1,000.00 deposit would be to unjustly enrich the defendant; ACTION OF COURT: I DECLINE TO RESPOND TO THIS REQUEST AS I RULED THAT SUCH EVIDENCE WAS INADMISSIBLE.
The sole question presented by this appeal is whether the plaintiff properly exercised his right under the terms and conditions of the purchase and sale agreement to declare the agreement null and void upon being unable to secure appropriate financing, thereby entitling him to a return of the deposit. We find no error in the trial judge’s rulings.
It is well established in this Commonwealth that in interpreting any written instrument, every word is to be given force so far as practicable and all parts of it are to be construed together as constituting a single and consistent arrangment. Further, the intent of the parties is to be gathered from a fair construction of the instrument as a whole and not by any special emphasis upon any one provision [Crimmins & Pierce v. Kidder Peabody AC. Corp., 282 Mass. 367, 375 (1933); Lewis National Corp v. Collentro, 33 Mass. App. Dec. 86, 95 (1968)]. And, in the absence of an ambiguity in the language of a written contract, its meaning is a question of law [Hiller v. Submarine Signal Co., 325 Mass. 546, 549-50 (1950); Lintron Corporation v. Worcester Taper Pin Corporation, 50 Mass. App. Dec. 175 (1973) ]. Clearly, the trial judge in the instant case concluded that under the terms and conditions of the purchase and sale agreement, the plaintiff had the right to terminate the agreement and recover a refund of the deposit up to the time specified for the conveyance of this property and not thereafter. Since the parties stipulated that time was the essence of the contract, as they had every right to do [Porter v. Harrington, 262 Mass. 203, 207 (1928)], and there was no evidence of any *30 subsequent words or conduct by the parties changing or modifying this provision, we believe that the trial judge’s interpretation of the purchase and sale agreement was quite correct. This construction is in accordance with the plain terms of the purchase and sale agreement and the apparent intention of the parties at the time it was executed. We think that the plaintiffs contention that he was entitled to declare the agreement null and void after the time specified for the conveyance to be made and up to midnight of June 30th, is an unreasonable and tortured construction of the agreement. The trialjudge apparently found no ambiguities in the terms and conditions of the purchase and sale agreement or obscure words regarding explanations, and we find none. Since it was undisputed that the plaintiff did not attempt to void the agreement until after the time specified for the conveyance to be made, the trialjudge properly found for the defendant.
There being no error of law, the report is dismissed.