*Northern District*

No. 6120

## LEWIS NATIONAL CORPORATION

v.

## JOSEPH V. COLLENTRO

*Present*: Brooks, P. J., Connolly & Parker, JJ.

Case tried to *Yesley, J.* in the District Court of Newton. No. 12684—1964.

*Parker, J.* This is an action of contract. The declaration is in two counts, the first for damages resulting from an alleged breach of contract, the second for liquidated damages as set out in the alleged contract. The defendant's answer is a general denial. The court found for the defendant on both counts.

On 16 *April* 1963 the defendant signed a form which read in part as follows:

"LEWIS NATIONAL CORPORATION, hereafter called the Seller, proposes to deliver f.o.b. point of shipment to *Joseph Collentro d/b/a—Plaza Sparkling Cleaners—Danvers Shopping Plaza Rt.* 1 *Malden, Mass.,* Buyer, the following equipment in accordance with the specifications, descriptions, and terms and conditions of this contract . . . . ." (The underlined portions of the

above were in the handwriting of the Vice President of the plaintiff.) Then follows a description of two Spencer Coin-operated Dry Cleaning Units and recitation of payments received on the machines and methods of future payments. On the same page in print appears the following: "This contract becomes effective only upon acceptance by Seller at its home office". On the second page appears in print the following: "(18) *Execution*: The contract shall become final and binding upon execution by the Seller at its home office".

The defendant signed on the line above the word "Buyer". The signature is Joseph V. Collentro. On the same page and to the left of the space filled by the defendant's signature appears the following printed space "LEWIS NATIONAL CORPORATION Seller BY ————— ————— Title".

After the defendant had signed the form, the plaintiff's vice-president took it to the plaintiff's office. There was evidence given by the plaintiff's vice-president that the president of the plaintiff, Harold P. Lewis, on the day following the defendant's signing, signed his name in the space between "BY" and "Title" adding after his name the word "Pres.".

The machines arrived and on 24 *April* 1963 the plaintiff, by one Browne Asst. Treasurer, wrote a letter on its letterhead reading "Lewis National Corp. One Mt. Vernon St., Dorchester 25, Mass. TA 5-6141 Laundry and

Dry Cleaning Machinery" addressed to the defendant "d/b/a Plaza Sparkling Cleaners, Inc.". The first sentence of the letter read as follows: "Thank you for your recent order in the amount of $8600.00 dated *April* 16, 1963." With the letter were enclosed conditional sales contract and a financing statement under the Uniform Commercial Code. The letter directed the defendant to sign these papers "as you normally sign without corporate title". Upon receipt of the letter, the defendant called the plaintiff, spoke to Browne, and said he did not want to sign personally and that the deal was that the corporation (Sparkling Cleaners, Inc.) was to be responsible, not the defendant. The defendant was informed that the machines would not be delivered unless he personally signed the conditional sales agreement and the financing statement. The defendant refused to do so. The machines were not delivered, and the plaintiff brought this suit.

The court found that the form was not intended to be a contract, and that it was intended that a formal conditional sales contract complying with statutory requirements be drafted, and that when such contract was drafted by the plaintiff, the defendant refused to sign, since it purported to bind him personally. The court found that the plaintiff signed the form *after* the defendant had already communicated to the plaintiff his refusal to enter into a contract calling for personal liability on his part, in effect withdrawing

any offer made by him to enter into a contract.
The plaintiff filed 13 requests for rulings. Request #1 reads as follows:

"That there is evidence to warrant a finding for the plaintiff (a) on COUNT ONE of the plaintiff's declaration".

The court allowed this request, but did not so find.

Request #2 reads as follows:

"That there is insufficient evidence to warrant a finding for the defendant (a) on Count One of the plaintiff's declaration and (b) on COUNT TWO of the plaintiff's declaration".

The court denied this request.

The remaining requests and the action taken by the court thereon are as follows:

"3. In the absence of fraud, one who voluntarily signs a written agreement is bound by its terms whether he reads or understands it or not. *Ruling*: *This may be a correct statement of law but it is immaterial in view of my findings.*

4. The written contract declared on by the plaintiff shows on its face that it was intended to set forth the entire agreement between the parties. *Ruling*: *I do not find that the writing declared on by the plaintiff ripened into a contract.*

5. Where a written agreement shows on its face that it was intended to set forth the entire agreement between the parties, its terms cannot be varied or supplemented by parol evidence. *Ruling*: *This may be a correct*

*statement of law but it is immaterial in view
of my findings.*

8. By the terms of the contract between the
parties the defendant is estopped from assert-
ing that said contract was cancelled unless
said cancellation was authorized by the
written consent of the plaintiff. *Ruling:
I do not find that any contract was entered
into between the parties.*

9. By the terms of the contract between the
parties the defendant is estopped from assert-
ing any variations or modifications of said
contract unless the same are in writing and
accepted by the plaintiff. *Ruling: I do not
find that any contract was entered into
between the parties."*

Requests 3 through 13 are based upon the
assumption by the plaintiff that the form dated
16 April 1963 was a valid contract. The court
by its rulings on these requests, by denying
them, holding them immaterial, refusing to
find as requested and by its findings has found
and ruled that it is not a contract because,
if it be held that the form of 16 April 1963
was an offer, it was not accepted by the plain-
tiff before it was withdrawn by the defendant;
and if it be held that the offer was accepted,
even then, there was no contract, because the
form looked to a completed conditional sales
contract as the contract between the parties
and no such conditional sale was ever agreed
upon.

■ The court was not compelled to ac-
cept the plaintiff's testimony as to the time

of its signing of the form dated April 1963 as given by the plaintiff, even though the testimony is uncontradicted.

"11. The amount of the damages provided for in clause (16) on the reverse side of the contract declared on by the plaintiff, is reasonable in the light of: (a) the anticipated or actual harm caused by the defendant's breach, (b) the difficulties of proof of loss and (c) the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. *Ruling*: *Immaterial in view of my finding for the defendant. If material, I would not so find.*

12. Upon all the evidence there should be a finding for the plaintiff on COUNT ONE of the plaintiff's declaration because (a) the defendant ordered the equipment described in the contract dated April 16, 1963, a photocopy of which is annexed to the plaintiff's declaration and marked 'A', (b) said contract became a valid and existing contract between the parties, (c) the defendant failed, neglected or refused to accept delivery of the equipment described in said contract, (d) the defendant failed, neglected or refused to accept delivery of said equipment without cause, (e) the plaintiff was at all times ready, able and willing to comply with the plaintiff's obligations under said contract and (f) the plaintiff suffered damage as result of the defendant's failure, neglect or refusal

to accept delivery of said equipment described in said contract. *Ruling: Denied.*

13. Upon all the evidence there should be a finding for the plaintiff on COUNT TWO of the plaintiff's declaration because (a) the defendant ordered the equipment described in the contract dated April 16, 1963, a photocopy of which is annexed to the plaintiff's declaration and marked 'A', (b) that said contract became a valid and existing contract between the parties, (c) the defendant failed, neglected or refused to accept delivery of the equipment described in said contract, (d) the defendant failed, neglected or refused to accept delivery of said equipment without cause, (e) the plaintiff was at all time sready, able and willing to comply with the plaintiff's obligations under said contract, (f) the plaintiff suffered damage as a result of the defendant's failure, neglect or refusal to accept delivery of said equipment described in said contract, and (g) the amount of damages provided in said contract is reasonable in the light of the circumstances of the case. *Ruling: Denied.*"

Requests 3 through 13 are based upon the assumption by the plaintiff that the form dated 16 April 1963 was a valid contract. The court, by its rulings on these requests, by denying them, holding them immaterial, or refusing to find as requested and by its findings, has found and ruled that the form of 16 April 1963 was an offer, which was not accepted by the plaintiff before it was withdrawn by

the defendant; and if it be held that the offer was accepted, even then, there was no contract, because the form looked to a completed conditional sales contract as the contract between the parties and no such conditional sale was ever agreed upon.

The court was not compelled to accept the plaintiff's testimony as to the time of its signing of the form dated 16 April 1963 as given by the plaintiff, even though the testimony is uncontradicted. *Lindenbaum v. N.Y., N.H. & H. RR.*, 197 Mass. 314, 323 and cases therein cited; *Lydon v. Boston El. Ry.*, 309 Mass. 205, 206.

The court's finding of fact is not reviewable by this court. *Himelfarb v. Novadel Agene Corp.*, 305 Mass. 446, 449.

The form dated 16 April 1963 was an offer by the defendant to purchase the equipment ordered. According to that offer, an ensuing contract became "effective only upon acceptance by the seller at its home office" and became "final and binding upon execution by the Seller at its home office".

These two provisions as to what made the offer into a contract appear to be different, for acceptance by the seller at its home office is not the same as execution by the seller at its home office.

"Accept" by definition means to engage oneself by a favorable reply to an (invitation). "Execute" by definition means to perform what is requested to give validity to, as by signing . . . . . and delivering. Webster's New

International Dictionary, Second Edition, G.
& C. Merriam Co.

In the construction of contracts in writing
words that are plain and free from ambiguity
must be construed in their usual and ordinary
sense. *Ober v. National Casualty Co.*, 318
Mass. 27, 30.

█ The finding of the court that in fact
the form dated 16 April 1963 was not signed
till subsequent to the defendant withdrawal
of his offer results in a finding that the con-
tract was not executed at the time of that
withdrawal. *Diebold Safe & Lock Co. v.
Morse*, 226 Mass. 342. A finding of fact is
not revisable by this court. *Himelfarb v.
Novadel Agene Corp.*, 305 Mass. 446. In all
other respects, there is no dispute as to what
occurred and so the question as to whether
a contract had been made is for the court on
the writings of the parties. *Bresky v. Rosen-
berg*, 256 Mass. 66, 74; *Aurnhammer v.
Brotherhood Accident Co.*, 250 Mass. 563,
567; *Ober v. National Casualty Co.*, 318
Mass. 27; *Smith, Administrator v. Faulkner*,
12 Gray 251, 255.

█ In interpreting an instrument, every
word is to be given force so far as practicable,
and all parts of it are to be construed together
as constituting a single and consistent arrange-
ment. The intent of the parties is to be
gathered from a fair construction as a whole
and not by special emphasis upon any one
point. *Crimmins & Peirce v. Kidder Peabody
AC. Corp.*, 282 Mass. 367, 375.

■ The two clauses of the form signed 16 April 1963 are unequivocal. They are seemingly repugnant but, if reasonably possible, they should be construed as to give force and effect to each of them. *Cohen v. Bailly,* 266 Mass. 39, 46; *Kennon v. Shepard,* 236 Mass. 57, 59; *Ferguson v. Union Mutual Life Ins. Co.,* 187 Mass. 8, 10.

■ The form was the plaintiff's form and the plaintiff furnished it. When the true meaning and import of a written instrument is doubtful, its language will be construed most strongly against the person using the uncertain language. *N.Y. Gen. RR. v. Stoneman,* 233 Mass. 258, 262; *Barney v. Newcomb,* 9 Cush. 46, 56.

The two differing sentences in the form, when considered in the light of these principles of law, are not contradictory or conflicting.

The first sentence states that the offer must be "accepted" at the home office. The second sentence gives in more detail what constitutes "acceptance" namely the execution of the contract. Since the court found as a fact that the form dated 16 April 1963 was not signed before the defendant withdrew his offer, it was not executed by the plaintiff at the home office and there was no contract.

There was no error in the court's action or in its rulings on the plaintiff's requests for rulings. *The report will be dismissed.*

Klainer & Kappel, of Boston, for the Plaintiff.

Spence, Tick & Mathews, of Boston, for the Defendant.