*Northern District*

No. 7157

**CHARLES McGLINCHEY, et al**

v.

**MARY I. TOMASELLO**

Argued: Nov. 19, 1969 Decided: Jan. 20, 1969.

*Present:* Brooks, P.J., Connolly, Parker, JJ.

Case tried to *Rizzotto, J.,* in the District Court of Somerville. No. 6024.

*Brooks, P.J. This is an action of tort* arising out of a collision between plaintiff's and defendant's motor vehicles at the intersection of Broadway and North Street in Somerville,

Massachusetts on or about August 14, 1966 about 10:45 P.M.

Count one was by Ann McGlinchey for damage to her motor vehicle. Count two was by Charles McGlinchey for personal injuries. The answer was general denial and contributory negligence on the part of both plaintiffs.

There was agreement by the parties that plaintiff, Charles McGlinchey, was operating a motor vehicle for his own purposes and with the consent of his wife, Ann McGlinchey, and therefore that there was a bailment.

*At the trial there was evidence tending to show* as follows:

Plaintiff, Charles McGlinchey, was operating his wife's vehicle in a northerly direction on Broadway, Somerville. Defendant was operating her vehicle on North Street in an easterly direction. There was a blinking yellow traffic light facing plaintiff as he approached the intersection and a blinking red light as defendant approached the intersection. The ground was level in this area, both streets are approximately four car widths at the intersections.

Plaintiff testified that as he approached the intersection, he looked into North Street on his left and saw no vehicles. It did not appear how far he could see into the intersection. He entered the intersection at an approximate speed of 15 m.p.h. When he was half way through, he first noticed defendant's vehicle

which was then about one third of the way through the intersection and about thirty feet away from him, coming toward him at an angle. Plaintiff testified that his speed at that time was 10 m.p.h., but that he could not estimate defendant's speed.

Plaintiff testified that he applied his brakes and that his car traveled another five or six feet, when it was struck on the left driver's side by the right front fender of defendant's car.

Defendant testified only to the operation of her own vehicle, namely that she came to a stop at the flashing red light facing her, and while she was so stopped a bus pulled up to her right, completely blocking her view of Broadway in that direction from which was coming plaintiff's vehicle. She then moved into the intersection and there was contact with the left side of plaintiff's vehicle.

Both sides rested without presenting requests for rulings.

The court found for defendant on count two and for plaintiff on count one in the amount of $250.

On receipt of court's finding, plaintiff's attorney duly filed a motion for a new trial on the following grounds:

1. The finding for the defendant on count two is against the evidence.
2. The finding for the defendant on count two is against the weight of the evidence.

3. The finding for the defendant on count two is against the law.
4. The finding for the plaintiff on count one and for the defendant on count two is inconsistent as a matter of law.

Plaintiff's motion for a new trial was denied and plaintiff claimed a report thereon.

There was no allegation in the report that it contained all the evidence material to the questions reported.

 Plaintiff is appealing the denial of his motion for a new trial. Ordinarily the disposition of such a motion is within the discretion of the trial judge and unless it can be shown that the judge has abused his discretion, the motion will not prevail. *Bartley* v. *Phillips,* 317 Mass. 35 and *Bresnahan* v. *Proman,* 312 Mass. 97.

 In order to cover all contingencies in a draft report, it is customary and not only good practice but essential to allege in the report, that it contain all the evidence material to the questions reported. Unless that is done, there is a possibility that evidence not in the report had in fact been introduced in the trial sufficient to justify a result opposite to that reached by the trial judge. Likewise, the result reached by the trial judge could be justified by evidence not reported.

 The court is not required to believe the parties' testimony. It may disbelieve any or all of the testimony. Suppose, for example, the

Court here did not believe plaintiff's testimony that he looked to his left and saw no other vehicle, in fact believed plaintiff Charles McGlinchey entered the intersection without looking and without slackening his speed. This evidence could warrant the judge in finding plaintiff contributorially negligent and therefore not entitled to recover on count two.

There were no requests for rulings at the trial. A properly documented request under District Court Rule 27 "on all the evidence, etc." would have raised the question plaintiff is now arguing. A request for ruling at the hearing of the motion for a new trial raising the issue of abuse of discretion would have enabled plaintiff to bring virtually the same question to the Appellate Division. As it is, plaintiff has now no practical channel through which to present his appeal.

So far as concerns the allegation of inconsistency in the court's finding for the plaintiff, Ann McGlinchey in one count and against plaintiff, Charles McGlinchey, in the other count, a motion for a new trial was a proper way to raise such a question. However, in this instance, where Charles McGlinchey is a bailee, his negligence, while it prevents his recovery, does not affect his bailor.

In any event to override a trial judge's denial of a motion for a new trial, it is necessary, as in the instance of upsetting a jury's verdict, to show that "the verdict was so great-

ly against the weight of the evidence as to induce in the judge's mind the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice.'' *Bartley* v. *Phillips,* 317 Mass. 35. This the appellant has failed to do.

*Resport dismissed.*

JOHN P. DONOVAN
 for Plaintiff
PHILIP E. HACKMAN
 for Defendant.