Greenberg, J.
In his Petition to Establish a Report brought to Dist./Mun. Cts. R. Civ. P., Rule 64(e), Stephen M. Massey challenges the correctness of the trial judge’s dismissal of his Amended Draft Report. The trial court dismissed the report by reason of:
1) The facts reported by the respondent are not fully and accurately stated.
2) The draft report does not raise a question of law by requests for rulings, nor does it set out a clear and concise statement of rulings upon which a claim of error is based.
3) The draft report does not otherwise conform to the draft model.[1]
At the outset it is clear that Respondent has misconceived his remedy to bring his complaint before the Appellate Division in its present form. The exclusive remedy for the review of an order dismissing a report or draft report is by claim of report challenging the cprrectnes of the order of dismissal under Dist./Mun. Cts. R. Civ. P., Rule 64(c)(6)[2] and not by a Petition to Establish a Report. Gallagher v. *90 Atkins, 305 Mass. 261, 265 (1940); Monahan, Jr. v. Central Chevrolet Inc. 44 Mass. App. Dec. 139 (1970); Comfort Air Systems, Inc. v. Cacopardo, 370 Mass. 255, 258 (1976). The trial judge’s findings, noted as (2) and (3), are dispositive and there are no requests for rulings upon which this Court may properly review. We note, in passing, that the Petition to Establish the Report is fatally defective, in that it does not contain an allegation that the draft report truthfully sets forth the matters claimed as errors, nor does it contain a verification that matters recited in the draft report and in the Petition are true as of the personal knowledge (emphasis added) of the affiant, The Connecticut Bank and Trust Co., 37 Mass. App. Dec. 196 (1967).
While the foregoing would ordinarily dispose of respondent’s appeal, we note the argument of counsel for the respondent in which he strenuously urges us, in the interest of justice, to abandon the strict requirements of Dist./Mun. Cts. R. Civ. P., Rule 64 and reach the question reported. Because of the unique and peculiar circumstances found in this case, we indulge in the following reconstituted history of this matter.
On July 20,1982, the respondent appeared in the District Court of Uxbridge pursuant to an Order of Notice in an action instituted against him under the provisions of G.L. c. 273A, the Uniform Reciprocal Enforcement of Support Act. The petitioner, his wife, had assigned her rights under Section 5 to the State of Washington, Department of Social and Health Services. She sought a weekly order of support for their minor child. The respondent filed an answer stating, inter alia, that in November of 1980 his wife had left him without his consent, nor for justifiable cause; that she is sought by Massachusetts authorities as a Fugitive from Justice; and that he had no knowledge of her whereabouts until the receipt of the Order of Notice At the hearing, prior to the commencement of his testimony, respondent’s counsel filed with the court a set of “Interrogatories Propounded by the Respondent to be Answered by the Petitioner” containing 7 questions relating to her current assets and income. The trial judge acknowledged the filing of interrogatories by stating: “(Y)ou have filed some papers which the court will forward along to.. ” (inaudible on record). The clerk-magistrate docketed the interrogatories and presumably forwarded them to the petitioner in the State of Washington. Following a hearing, during which respondent admitted his duty of support, he presented testimony as to the sources of his income and financial needs. The trial judge took the matter under advisement without commenting. Counsel for the respondent stated: “(T)hat’s as far as we can go without knowing what her expenses are. I respectfully request the court to withhold any final determination until she is required to answer those interrogatories. ” The trial judge did not respond. On the following day, July 21,1982, the court issued a finding and order of support. The respondent was ordered to pay $40.00 per week prospectively, and an arrearage was determined retroactive to April 1,1982, the original filing date of the petition in the State of Washington.
There is no specific provision for the filing of interrogatories contained in G. L. c. 273A proceedings. However, G.L. c. 231, §61, authorizes interrogatories in all matters civil in nature for discovery, if not specifically authorized by special law or court rule. Furthermore, Dist./Mun. Cts. R. Civ. P., Rule 81(e) specifies that: “(W)hen no procedure is specifically prescribed, the court shall proceed in any lawful manner not inconsistent with the Constitution of this Commonwealth, these rules, or any applicable statute.” Contained in Rule 81(a) is the guiding language that... ” (I)n respects not governed by statute, the practice in the enumerated proceedings (e.g. those not governed by the Dist./Mun. Cts. Rules of Civil Procedure) shall follow the court of the common law as near to these *91 rules as may be, except that the depositions shall not be taken, nor interrogatories served, save by order of court on motion, with notice, for good cause shown.” In practice, many initiating states require answers to afull set of written interrogatories subscribed to by the petitioning spouse to be attached to the Chapter 273A petition concerning the petitioner’s current needs and financial status. The filings in this matter include no such documentation from the petitioner in the State of Washington. Clearly, the trial judge exercised his proper discretion when he declared that he would, in fact, forward the respondent’s interrogatories to the petitioner. The respondent was left in an uncertain position notwithstanding, as he did not contemplate a support order entering until the discovery had been completed and this information made available to him. We recognize that respondent anticipated another hearing and consequently elected not to file appropriate requests for rulings of law at the close of the hearing.
The provisions of G.L. c. 273A clearly anticipate that the District Court shall have jurisdiction to review and revise support decrees at any time after their initial entry.[3] As we stated in another matter: “(T)he initial order of support is obviously neither immutable nor etched in stone, but is subject to the ongoing scrutiny impelled by such factors as the inflationary viscissitudes of the times.” White v. Christopherson, 1982 App. Div. (Western District), Docket No. 331. On this record it is not for us to declare that the initial order of support set by the trial judge was plainly wrong. Codman v. Beane, 312 Mass. 570 (1942). Likewise, the judge’s assessment of the credibility of the respondent is exclusively for him, even when it is not contradicted. Dolham v. Peterson, 297 Mass. 479 (1936); Lewis National Corp. v. Collentro, 33 Mass. App. Dec. 86, 94 (1964); McGlinchey v. Tomasello, 43 Mass. App. Dec. 206 (1969). Obviously, it is open to respondent to request modification of the order at any time when circumstances not known at time of trial, are called to the trial judge’s attention. In the event responses to interrogatories disclose these circumstances exist, the trial judge has the discretion to modify his order as the interests of justice may require.
Lastly, the respondent argues that he should be absolved from paying the order because of some putatively wrongful or spiteful conduct of the mother in removing herself and the child from Massachusetts to Washington. However painful this situation may be for the father in terms of visitation rights, it is now well-settled that such questions stand apart from and distinct from his ongoing responsibility as a parent to provide support for a minor child. Mazzocco v. Mazzocco, 378 Mass. 796 (1979); Phillips v. Phillips, 336 Mass. 561 (9158); Souza v. Kokoszka, 36 Mass. App. Dec. 199 (1964).
For all of the above reasons we find no error and accordingly the Report should be dismissed.

The trial judge’s reference is to Form 33 appended to the Dist./Mun. Cts. R. Civ. P. and promulgated in accord with C.231, §110 of the General Laws.

“Dismissal of Draft Reports - If the party requesting a report has failed to comply with the statutes or any of these rules applicable to draft reports, the justice may dismiss it, in which case an aggrieved party who desires to raise the question of the correctness of said order of dismissal, may file a request for report and draft report on said dismissal and proceed as provided by these rules.”

This would include correction ot any arithmetical errors in computation of arrearage as here claimed by the respondent.