Welsh, J.
This is a petition to establish a draft report filed by the defendant.
The petition alleges the plaintiff recovered a default judgment against the defendant in New Hampshire, based on a promissory note secured by a mortgage of real estate in Massachusetts, in the sum of $28,031.36. An action on the judgment was instituted in Orleans District Court. Although the petition itself did not so state, the docket entries and the draft report disclose that plaintiff’s motion for summary judgment was allowed. Apparently, the defendanf s former counsel failed to appear to oppose the motion due to an oversight in thinking that the matter had been postponed. No affidavit in opposition to the motion was submitted. A motion to remove "default judgment” was denied by a different judge. There was no affidavit submitted with this motion. The defendant then filed a draft report which was disallowed by the same judge who denied the motion to remove “default judgment.” Although the docket entries show that the judge filed a certificate with his reasons for disallowance, no copy of the certificate accompanied the petition. Nor was the statement of the judge’s reasons for disallowance set forth verbatim in the petition. The defendant also sought by motion to have the judge expound his reasons for allowing summary judgment.
1. A petition to establish report must be denied if it fails to contain a complete and accurate statement of proceedings pertaining to the disallowance of the draft report by the trial justice. Pirolli v. Salvucci, 30 Mass. App. Dec. 191, 192 (1966). In order for the Appellate Division properly to discharge its duty in connection with a petition to establish report, it is essential that the trial judge’s statement of reasons for disallowance that are required to be filed by Rule 64 (c) (5), Dist./Mun. Cts. R. Civ. P., be included verbatim in the petition. While no case has come to our attention specifically addressing the effect of failure to include such certificate with a petition to establish report, an analysis of the cases dealing with petitions to establish reports compels this conclusion.
Rule 64(c)(5), Dist/Mun. Cts. R Civ. P., provides, in part, that if a trial justice disallows a request for report he shall set forth in writing succinctly the facts and reasons for such disallowance. Comfort Air Systems, Inc. v. Cacopardo, 370 Mass. 255, *172 258 (1976). In disposing of a petition to establish a report, the Appellate Division is required to accept as accurate the statements in the trial judge’s statement of reasons for disallowance, unless rebutted, explained or overcome by other credible evidence. Bynoe v. Massachusetts Port Authority, 46 Mass. App. Dec. 191, 193 (1971); Patterson v. Ciborowski, 277 Mass. 260, 265 (1931). The truth or falsity of the facts set forth in the petition must then be determined finally by the Appellate Division. Cohen v. Berkowitz, 215 Mass. 68,71 (1913).
In this case, the petition to establish report did not contain the judge’s certificate of reasons for disallowance. Docket entries submitted with the petition state that the report was disallowed for failure to contain all information. The docket does not reflect specifically what information was, in the view of the trial judge, wanting. The judge’s order disallowing the report with the reasons therefor should have been set forth verbatim. The summary recital in the docket entries is not an adequate substitute. Rule 64(c)(2) provides that papers on file in the case may not be incorporated by reference except by permission of the Appellate Division. No such permission was sought by petitioner and none was given by the Appellate Division.
2. The petition is fatally defective in several other respects. The petition fails to allege that the draft report truthfully sets forth all matters material to the legal issues sought to be reviewed, nor does it contain a verification that the matters recited in the draft report and in the petition are true as of the personal knowledge of the affiant. Massey v. Massey, 1983 Mass. App. Div. 89, 90; Stevens v. United Artists Corporation, 373 Mass. 857 (1977), and cases cited. The draft report fails to state it contains all of the evidence material to the question reported. Comfort Air Systems, Inc. v. Cacopardo, 370 Mass. 255, 259 (1976).
3. Even if the formal defects mentioned could be overlooked, the petition would still be denied, since the draft report sought to be established does not disclose any reversible error. See Graustein, Petitioner, 305 Mass. 571, (1940). Even if the truth of the matters in the petition were established, no question of law of such gravity as properly to warrant consideration of the Appellate Division would be presented. See Commonwealth v. Vallarelli, 273 Mass. 240, 247 (1930); Concord Oil Company v.Palmer, 1984 Mass. App. Div. 121, 122. The issue sought to be presented by the draft report is, essentially, whether the motion judge abused his discretion in refusing to relieve the defendant of the consequences of his counsel’s oversight or mistake in failing to appear and oppose the motion for summary judgment at the time scheduled for hearing the motion. The decision to remove, or to decline to remove, a default judgment is a matter of sound judicial discretion. There is nothing in the draft report sought to be established which demonstrates an abuse of discretion in the denial of the motion for relief from judgment. The Jerry Martin Co.,Inc. v. Hyannis Marine, Inc., 3 Mass. App. Ct. 746 (1974); Rosa v. Morgan, 1986 Mass. App. Div. 173, 174. The fact that the failure to appear and oppose the motion was the fault of the defendant's counsel, rather than the defendant personally, does not require the granting of the motion for relief from judgment. Bogue v. Imported Auto Sales & Services of Dedham, Inc., 59 Mass. App. Dec. 124, 127 (1976).
Actions to recover on promissory notes are especially suited to disposition on a motion for summary judgment. United States Trust Co. of New York v. Herriott, 10 Mass. App. Ct. 313, 320 (1980). Once execution, delivery and non-paymentwere established, the defendant had the burden of setting forth byway of affidavit specific facts showing thattherewasagenuineissuefortrial. O’Brion, Russell & Co. v. LeMay, 370 Mass. 243, 245 (1976); Community National Bank v. Dawes, 369 Mass. 550, 554 (1976). The allegations of the defendant opposing a motion for summary judgment found in unverified pleadings have no evidentiary weight in determining whether there is a genuine issue of material fact. Welford v. Nobrega, 30 Mass. App. Ct. 92, 95 (1990). Similarly, an action on ajudgment is especially apt for resolution by means of a motion for summary judgment. Where a plaintiff brings an action on a judgment, the defendant cannot collaterally attack the judgment by setting up defenses he might *173 have proffered in the original action, Helgesson v. Helgesson, 196 F. Supp. 42 (D. Mass. 1961); aff'd 295 F.2d 37. Usually, plaintiff establishes hisprimafaciecasebyproducing certified copies of the judgment on which the action is based and the identity of the defendant as the obligee. The burden of establishing the invalidity of the judgment by reason of lack of proper service, satisfaction or discharge is on the defendant. Klinker Signs, Inc. v. Goldman, 22 Mass. App. Dec. 198, 202-203 (1963).
The mere fact that the judgment was obtained by default would not, of itself, affect its conclusiveness on the parties. Harris v. Tri-Cities Fabricating Company, Inc., 1975 Mass. App. Div. Ad. Sh. 91, 99, and cases cited.
The petitioner contended at oral argument that service of process might have been insufficient. That contention was not in the draft report, and consequently is not before us. Broussard v. Melong, 322 Mass. 560, 562 (1948); ‘ThedutyoftheAppellate Division was to deal with the question reported and no others.” James J. Derba, Inc. v. Hamilton Service, Inc., 355 Mass. 127, 130 (1969).
The judge was not required to file a statement of reasons for his allowance of the motion for summary judgment. A summary judgment assumes there are no genuine issues of material fact. Findings of fact or conclusions of law are not required. See Smith v. Allmon, 17 Mass. App. Ct. 712, 713 (1984), and cases cited.
The petition to establish defendant’s draft report is denied.
SO ORDERED