Hurley, J.
The plaintiffs brought this action to recover damages for the defendant’s failure to complete some landscaping and other work in connection with construction of the plaintiffs’ home. The defendant denied he failed to complete the work. The defendant denied any personal liability in that he performed the work under an incorporated business. After trial, the court found for the plaintiffs against the defendant as an individual. The court found for the defendant on the claim under G.L.c. 93A The plaintiffs then filed a motion to amend the judgment pursuant to Dist./ *212 Mun. Cts. R. Civ. P., Rule 52(b). This motion was denied. A Request for Report and Draft Report was filed, heard and disallowed. This Petition to Establish Draft Report followed.
In disallowing the Draft Report, the trial judge stated as facts and reasons for the disallowance that:
(1). Plaintiff never included in the report a statement that the report contains all the evidence essential to the questions reported.
(2). In addition, the plaintiff did not include in the Report all the evidence essential to the questions reported.
(3). The plaintiff never stated in the report that I found that the exhibits submitted after the trial had been completed were not evidence for the court to consider. I did not consider them.
(4). I found that there was no violation of Chapter 93A
In considering a petition to establish a report, “the Appellate Division is required to accept as accurate the statements in the trial judge’s statement of reasons for disallowance, unless rebutted, explained or overcome by other credible evidence.” Wentworth Home for the Aged v. Fred W. Walter, 1992 Mass. App. Div. 171, citing Bynde v. Massachusetts Port Authority, 46 Mass. App. Dec. 191, 193 (1971); Patterson v. Ciborowski, 277 Mass. 260, 265 (1931). No credible evidence has been presented to this division to rebut or explain the judge’s statement of his reasons for disallowing the draft report.
The petition to establish is technically defective in that it does not allege that the draft report truthfully sets forth all items material to the legal issues sought to be reviewed, nor does it contain a verification that the matters recited in the draft report and petition are true as of the personal knowledge of the affiant. See Massey v. Massey, 1983 Mass. App. Div. 89, 90; Stevens v. United Artists Corporation, 373 Mass. 857 (1977); Wentworth Home for the Aged v. Walter, 1992 Mass. App. Div. 171. The plaintiffs’draft report, petition to establish and affidavit in support of the petition to establish all contain allegations supported by argument with some citations, a form clearly not appropriate for such vehicle of review.
In the plaintiffs’ draft report it appears that “[T]he Plaintiffs’ claim to be aggrieved by the denial of Plaintiffs’ Chapter 93A claim and the inclusion of ‘but not applicable’ on the court’s ruling on Plaintiffs’ requests for rulings 8,9 and 10 with reference to the ‘but not applicable’ language contained therein. The Plaintiffs also claim to be aggrieved by the court’s denial of their request for finding of fact #1.” In examining the draft report and the plaintiffs’ claimed error, we do not perceive any reversible error. The trial judge allowed the requested rulings numbered 8, 9 and 10 but determined they were not applicable to the facts as he found them. The trial judge found that “there was no demand letter pursuant to Chapter 93A section 9 offered in evidence by the Plaintiffs.” Requests 8, 9 and 10 all related to the plaintiffs’ c. 93A claim. The required demand letter “listing the specific deceptive practices is a prerequisite to suit and as a special element must be alleged and proved.” Spring v. Geriatric Authority of Holyoke, 394 Mass. 274 (1985), citing Entrialgo v. Twin City Dodge, 308 Mass. 812, 813 (1975). By his finding the trial judge determined that the demand letter had not been proved. The plaintiff does not submit credible evidence to overcome the judge’s statement of disallowance. Norcanwedeterminethatthe judge was required to find that the demand letter had been alleged and proved based on the plaintiffs’ submissions on this petition to establish.
The petition to establish is denied.
So ordered.