TREASURER AND RECEIVER GENERAL *vs.* CITY OF BOSTON.

Suffolk.  May 14, 1946. — September 11, 1946.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Tewksbury State Hospital and Infirmary.  Needy Person.  Public Welfare.*

A child suffering from brain atrophy with mental deficiency and admitted
to the Tewksbury State Hospital and Infirmary on a permit issued by
the department of public welfare under G. L. (Ter. Ed.) c. 122, § 7,
whose parents had financial ability to pay for his support and care,
was not "in distress and standing in need of immediate relief" within
c. 117, § 14, as amended, and the municipality of his settlement was
not liable to the Commonwealth for his support as an inmate under
c. 122, § 10, as amended.

CONTRACT.  Writ in the Superior Court dated December
30, 1942.

The action was heard by *J. Walsh*, J.

*B. H. Mullaney*, Assistant Attorney General, for the plain-
tiff.

*J. W. Kelleher*, Assistant Corporation Counsel, (*D. J.
O'Connell, Jr.*, with him,) for the defendant.

SPALDING, J.  In this action of contract the plaintiff seeks
to recover $375.43 from the defendant for the care and main-
tenance furnished by the Commonwealth to one Mary Agnes
Kilduff, a minor, at the Tewksbury State Hospital and In-
firmary, hereinafter called the infirmary.  The case was
heard on a statement of agreed facts and comes to this
court on a report after a finding for the defendant.

The material facts are these: Mary Agnes Kilduff, a
minor, was admitted to the infirmary on December 12, 1941,
"on permit issued by the department of public welfare as
provided in G. L. (Ter. Ed.) c. 122, § 7."  Her condition
was diagnosed as "brain atrophy with mental deficiency."
Prior to her admission "the defendant, upon application,
made by or in behalf of the parents, [had] refused to admit
the child to the care of any of the city of Boston controlled

institutions," on the ground that it was a case for which the Commonwealth should provide.   At the time of her admission the child had a legal settlement in Boston and her parents had the financial ability to pay for her support and care.   All notices required by law were given by the plaintiff to the defendant, and there is no dispute as to the amount of the bill.   Demand was made upon the defendant by the Commonwealth to pay for the maintenance and care of the child, but the defendant refused payment on the ground that it had no funds out of which it was authorized to make such payment.

The Commonwealth grounds its right to recover on G. L. (Ter. Ed.) c. 122, § 7 and § 10, as amended: Section 7 provides that the superintendent of the infirmary "shall receive any person sent with a proper certificate from the department of public welfare, in this chapter called the department, or from a board of public welfare, or from the institutions department of the city of Boston, or from some one duly authorized by said board or said department." Section 10 reads, "A town where an inmate of said hospital and infirmary is found to have a legal settlement shall be liable to the commonwealth for his support *in like manner as one town is liable to another in like cases;* and in such case the department shall adopt the measures relative to notice, removal and recovery of expenses prescribed for towns in like cases" (emphasis supplied).   Except as provided in § 10 the Commonwealth would have no right to recover against the defendant.   *Commonwealth* v. *Dracut,* 8 Gray, 455, 457.

The provisions of law governing the liability of one town to another are found in G. L. (Ter. Ed.) c. 117, § 14, as amended, which reads: "Boards of public welfare in their respective towns shall provide for the immediate comfort and relief of all persons residing or found therein, having lawful settlements in other towns, *in distress and standing in need of immediate relief* . . . .   The expense of such relief . . . may be recovered in contract against the town liable therefor" (emphasis supplied).   To recover the Commonwealth had the burden of proving that it furnished comfort and relief to one "in distress and standing in need of immediate relief."

See *Symmes Arlington Hospital, Inc.* v. *Arlington,* 292 Mass. 162; *Templeton* v. *Winchendon,* 138 Mass. 109, 110. This it has.failed to do. There was no proof that the child for whose care recovery is sought was in distress and in need of immediate relief. On the contrary the agreed facts show that, "at the time of the child's commitment, the parents of the child were of financial ability to pay for her support and care."

The defendant further disclaims liability on the ground that since the child cared for was either insane or feeble minded the sole responsibility for her care and treatment rested under G. L. (Ter. Ed.) c. 123, § 2,[1] on the Commonwealth. But in view of the conclusion reached it is not necessary to decide this question.

*Judgment for the defendant.*

---

[1] General Laws (Ter. Ed.) c. 123, § 2, provides, in part, that "The commonwealth shall have the care, control and treatment of all insane, feeble minded and epileptic persons, . . . and of each person who shall hereafter be received into any state hospital. No county, city or town shall establish or maintain any institution for the care, control and treatment of insane, feeble minded or epileptic persons . . . or be liable for the board, care, treatment or act of any inmate thereof."