MASSACHUSETTS GENERAL HOSPITAL *vs.* CITY OF CHELSEA.

Suffolk.    April 5, 1962. — June 1, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Public Welfare. Needy Person.*

Under G. L. c. 117, § 24A, inserted by St. 1959, c. 584, a hospital which was advised on admission of a woman in "need of immediate hospitalization" that she "had no property of any nature" was entitled to act on appearances and furnish her hospital care as a person in need of public assistance, and to recover from the city of her residence the expense of care furnished during the existence of the emergency recognized by the hospital in admitting her, even though some days prior to admission she had withdrawn a substantial amount from a savings account.   [450]

A hospital seeking to recover the expense of hospital care furnished to a woman in an action against the city of her residence under G. L. c. 117, § 24A, inserted by St. 1959, c. 584, did not sustain the burden of proving that it was entitled to recover such expense for the entire period of her hospitalization where the nature of her illness and the duration of the emergency recognized by the plaintiff in admitting her were not shown.   [450–451]

CONTRACT.   Writ in the Municipal Court of the City of Boston dated November 4, 1960.

The action was heard by *Adlow*, C.J., who found for the defendant.

*Albert G. Tierney, Jr.* for the plaintiff.

No argument nor brief for the defendant.

WHITTEMORE, J. This action was brought under G. L. c. 117, § 24A, inserted by St. 1959, c. 584: "If hospital care is furnished to a person in need of public assistance by any person not liable by law for his support, the town wherein he resides at the time his hospitalization begins . . . shall be liable for the expense of such care necessarily incurred under this chapter after notice and request . . .."

The report shows that the plaintiff furnished hospitalization to Christina Doucette of Chelsea from July 29, 1960, to August 13, 1960, the date of her death, at the rate of $30.79 a day; that at the time of her admission Christina "was in the need of immediate hospitalization"; that the hospital on her admission made inquiry and "was advised that . . . [she] had no property of any nature"; and that on July 26 Christina withdrew from a savings account $1,662.44.

The judge in the Municipal Court ruled that Christina "was not a needy person within the meaning of the act," and found that she "withdrew $1,600 from the County Savings Bank two days before she entered the hospital." The inference is warranted that the ruling is predicated on the finding.

The judge gave other rulings which recognized the principle that a person having assets may nevertheless be in distress and in need of immediate relief.

The Appellate Division dismissed the report.

The applicable construction of c. 117, § 24A, is set out in *Symmes Arlington Hosp. Inc.* v. *Arlington,* 292 Mass. 162, 164–165. The hospital is entitled to act on appearances. "The law does not contemplate that a person seriously injured or desperately ill, shall wait . . . until his wealth shall be appraised . . . . The town . . . is made immediately liable." But that case also holds that it may not be ruled as a matter of law that "the expense for relief for the whole period of care and treatment was 'necessarily incurred' (G. L. c. 117, § 24), or, in other words, that the . . .

[patients] during the whole period were 'in distress and standing in need of immediate relief.' G. L. c. 117, § 14. The burden was on the plaintiff to prove the need.'' The patients, injured boys, remained in the hospital for two months or more. It did not appear that the parents had been asked to pay. The court said: ''However improbable it might appear to be . . ., for all that appears the parents stood ready on request to provide for all expenses, so that continued relief at the expense of the plaintiff was not necessary.''

In the case at bar the plaintiff did not sustain the burden of proof for the fifteen days of hospitalization. The evidence warranted recovery for the duration of that emergency which was recognized by the plaintiff on the admission of Christina. Conceivably this continued for the duration of Christina's stay. On the evidence, however, the judge was not required to conclude that that was so. There was nothing to show the nature of the illness.

The decisive ruling erroneously determined that, because of the withdrawal of funds prior to the hospital admission, there could be no recovery for any relief given by the plaintiff based on the appearance of immediate need. The evidence warranted a finding for the plaintiff for at least one day and for such further reasonable time as the judge should conclude was encompassed within the emergency on which the plaintiff acted when it admitted Christina.

> *Decision of Appellate Division*
> *dismissing report reversed.*
> *Decision is to enter vacating*
> *the finding for the defendant.*