*Northern District*
No. 5859
**MASSACHUSETTS GENERAL HOSPITAL**
v.
**CITY OF MEDFORD**
May 5, 1964

*Present*: Brooks, P. J., Connolly & Parker, JJ.

Case tried to *Artesani, J.* in the Third District Court of Eastern Middlesex. No. 2074 of 1962.

*Brooks, P. J.* This case in general outline resembles case #5858, Appellate Division, Northern District. In both cases the Massachusetts General Hospital, plaintiff, is suing the City of Medford, defendant, for reimbursement of cost of caring for a patient, and the same question is before us,—i.e. whether the court erred in finding and ruling that the patient was not "in need of public assistance". In case #5858 one *Mrs. Arria* was the patient. In the present case the plaintiff's name is *Mr. Spinale*. For the purposes of convenience the two cases will, hereinafter, be referred to under the name of the patient.

We held in case #5858 that the patient was in need of public assistance. We now

have to determine whether there was sufficient difference in certain details of the case to call for a different conclusion and disposition.

In the *Arria* case it will be recalled that the patient stated on the admission application that she had no bank account, but that she had $67.00 social security, presumably monthly, also a three-family house concerning which there was no evidence as to its income capacity, value or otherwise. There was also testimony that the patient had in fact at the time of her admission to the hospital over $3,700.00 in a bank account which was not disclosed to nor discovered by the hospital until after its withdrawal.

The facts in the *Spinale* case, as stated on the application for admission, were that the patient had no assets, but earned $70.00 a week and had a life insurance policy in the sum of $1,000.00, also that the patient's wife earned $45.00 a week and that two daughters, who lived with patient and his wife, earned $40.00 a week each. The question therefore seems to revolve around the life insurance policy and the earning capacity of the patient's household.

We note that the amount of the "obligation necessarily incurred" by the hospital was $877.25, although the amount recoverable was $502.88. We have in mind that the loanable value of the insurance policy, while unknown, was probably considerably less than the face value. We are also aware that

patient's wife's earnings are hers and not her husband's and the same applies to the two daughters.

The overall financial picture in the case before us indicated greater weekly income than in the *Arria* case. To that extent the *Spinales* were better off than were the *Arrias*. Earning capacity however is not necessarily an indication of affluence or immediate liquidity. On its face the evidence does not disclose any significant amount of liquid assets. On the other hand further injuiry into the family finances might disclose sufficient basis for the trial court's finding. Being somewhat in the dark as to the court's reasoning, we think it desirable that the case be remanded to the Third District Court of Eastern Middlesex for a possible amplification of the finding. If no further facts are disclosed, we shall vacate the finding and order a finding entered for plaintiff in the amount of $502.88 and interest from February 11, 1962.

Tierney & Tierney, of Boston, for the Plaintiff.
City Solicitor, of Medford, for the Defendant.