*Municipal Court of the City of Boston*

## MASSACHUSETTS GENERAL HOSPITAL

### v.

## TOWN OF NATICK

Argued: June 21 1968    Decided: July 23, 1968

*Present*: Adlow, C. J., Lewiton, Shamon, J.J.
Case Tried to *Mottola, Sp. J.,* in the Municipal
　Court of the City Boston　　No. 174031

*Shamon, J.*　When this case was before the
Appellate Division originally, 79 LEGALITE
503 Mass. App. Dec. ——, it was recommitted to
the trial justice so that he might set forth the
specific facts found as the basis of the general
finding for the defendant. In the original case,
he ruled on requests for rulings of law with the
qualification that these requests were "inap-
plicable to the facts found" but failed to state
what were the facts found. Rule #30 requires
that the facts be set forth when the trial justice
qualifies his ruling with the statement "in-
applicable to the facts found" in order that it
may be determined whether or not the court
found the basic facts to sustain the decision
reached. The case was therefore recommitted
to the trial justice to correct what was assumed
to be an oversight.

　In compliance with the order of recommittal,
the trial justice filed a "Supplementary Re-
port" which upon examination indicates that
he reached his decision for the defendant by
misconstruing G.L. c. 117, § 24A, which pro-
vides as follows:

"If hospital care is furnished to a person in need of public assistance by any person not liable by law for his support, the town wherein he resides at the time his hospitalization begins shall be liable for the expense of such care necessarily incurred under this chapter."

In his "Supplementary Report" the trial justice states "One of the vital questions to be determined by the court in this case at bar is a question of domicile or settlement, in order for the plaintiff to recover or to prevail against the defendant." G.L. c. 117, § 24A specifically applies to residence and not to domicile or settlement.

It is manifest that the trial justice may have confused the question of *domicile* and *settlement* and since, moreover, he has not complied with the order of recommital to him of the original case, it would serve no purpose to recommit the cause again, but we feel that, in the interest of justice, there should be a new trial on all issues.

**Finding for the defendant vacated. New trial ordered.**

ALBERT TIERNEY, JR.
of Boston for the plaintiff
JOHN W. MAHANEY
of Natick for the defendant

## REPORTER'S NOTE

In an action by hospital against a municipality to recover for medical services rendered to a resident of the municipality the hospital must prove:

1. The patient was a resident of the municipality.

2. The hospital was not a person liable for the patient's support by law or otherwise.

3. The care and treatment was furnished by the hospital to the patient.

4. The care and treatment given was necessarily incurred.

5. The patient was a person in need or appeared reasonably to be in need of public assistance throughout his stay in the hospital.

6. The rate for such all inclusive care and treatment was duly established under G.L. c. 7, #30K by the Commissioner of Administration and duly filed by him with the Secretary of State under G.L. c. 30A, #5 and c. 30. *Mass Gen. Hospital* v. *Cambridge,* 347 Mass. 519.

7. The hospital gave proper notice to the municipality that the patient was being furnished hospital care under appropriate provisions of law (G.L. c. 117, #24A) and that the expense of such care was being charged to the municipality.

FOR OTHER CASES SEE: *Childrens Hospital Centre* v. *Boston,* 1968, AS 655. *Mass. Gen. Hospital* v. *Chelsea,* 344 Mass. 449 and 452, S.C. 23 Mass. App. Dec. 58. *Mass. Gen. Hospital* v. *Medford,* 28 Mass. App. Dec. 188. *Mass. Gen. Hospital* v. *Quincy,* 348 Mass. 791. 20 Mass. App. Dec. 3 and 5. *Mass. Gen. Hospital* v. *Revere,* 346 Mass. 217. S.C. 25 Mass. App. Dec. 191.