Silva, J.
This chapter 93A action was brought against the seller and brokers for alleged unfair and deceptive acts in connection with the sale of a residential building to the plaintiffs. The defendant, Vera, is the seller, and the defendant Rapoza is a broker employed by the corporate defendant.
At the close of the trial and before final arguments, the plaintiffs made Requests for Rulings, which were acted on by the Court. The plaintiffs claim that the Court erred in its rulings on the following requests:
1. Deceit may be perpetrated by an implied as well as an express representation. (Robichaud v. Owens-Illinois Glass Company, 313 Mass. 583, 585).
Ruling: Allowed as a correct statement of the law, but not applicable in view of my findings.
2. The representation must be of an existing material fact and be false. (Dawe v. Morris, 149 Mass. 188).
Ruling: Allowed as a correct statement of the law, but inapplicable.
5. The evidence is sufficient to find that the statements made by Ann Rapoza deceived the plaintiffs.
Ruling: Denied, in that I find that the statements of Ann Rapoza did not deceive the plaintiffs.
6. There is sufficient evidence to find that Cecilia B. Vera deceived the plaintiffs when selling the real estate to the plaintiffs.
Ruling: Denied in light of the finding.
7. There is sufficient evidence to find that the statement of facts (i.e., that the condition of both the interior and the exterior were ‘very good’; that all thé leaks in the robf had been fixed and the roof didn’t leak; that the stove, dishwasher and fire alarm system were in ‘good working condition’) were made recklessly, and with utter disregard for the plaintiffs and with the intent to have the plaintiffs rely upon the same.
Ruling: Denied in light of the finding.
8. If a person speaks either voluntarily or at the plaintiffs request, he is required to speak honestly and to divulge all the material facts bearing upon the matter within his knowledge or within reasonable expectation that he can obtain the necessary facts from the knowledgeable person. (Kannabos v. Annino, 356 Mass. 42).
Ruling: Allowed as a correct statement of the law-but inapplicable.
14. There is sufficient evidence to find damages for the plaintiffs on the basis that there is a difference between the value of the property as represented and the actual value of the property at the time of the misrepresentation.. • - : - ■
*218 Ruling: Denied in light of finding of the court.
15. In addition to the ‘benefit, of the bargain’, the plaintiffs may recover for consequential damages such as expenses to which they have been put, provided that they are regarded as proximate' results of the misrepresentation.
Ruling: Allowed, but not applicable.
17. Based on all the evidence (i.e., the representations made by Cecilia B. Vera as described in her answers to interrogatories Nos. 2b, 3, 4, 7 and 8 and the real estate listing the actual condition of the roof, basement, appliances, porch, tub, bedroom and other parts of the premises as found by the Ryans), a finding for the plaintiffs against the defendant, Cecilia B. Vera, on Count II is warranted.
Ruling: Denied in light of the finding.
18. Based on all the evidence (i.e., the evidence referred to in the previous request and the conversations between the plaintiffs and Ann Rapoza as described in Robert Ryan’s answers to Vera’s interrogatories No. 7 and the failure of both Ann Rapoza and Hughes-Carey Realty Corp. to reasonably respond to the 93A letter within 30 days), a verdict for the plaintiffs against the defendants, Ann Rapoza and Hughes-Carey Realty Corp. on Counts I and II is warranted.
Ruling: Denied in light of the finding.
The Court made the following findings of fact:
Count I.
I find that the defendants Ann Rapoza and Hughes-Carey Realty Corp. did not commit unfair and deceptive acts in the course of the sale of 184 Bedford Street.
Count II.
I find that whatever statements the defendants Vera and Rapoza made to the plaintiffs, such statements were matters of opinion upon which the plaintiffs did ,not in any way rely upon in making their decision to purchase the property at 184 Bedford Street. In fact the evidence discloses that the plaintiffs made four visits to the property taking with them on occasions, members of their family, friends and a plumbing contractor, before signing the Purchase and Sales Agreement which in part sets forth ‘the buyer expressly agrees that he has examined the premises and is fully satisfied with the physical conditions thereof including.fixtures, etc., and that neither the seller nor any agent or representative of the seller has made any representation.upon which the buyer relies.’
Count III.
Waived by the plaintiffs.
Accordingly, a finding for the defendants Ann Rapoza Cecilia B. Vera and Hughes-Carey Realty Corp. shall be entered with respect to Counts I and II»
Addressing the Court’s rulings on Nos. 1,2,8, and 15, the plaintiffs cannot be said to be aggrieved as they were in fact granted as correct statements of *219 law or inapplicable in view of the findings. If the plaintiffs’ position is that there is an inconsistency between the findings and the rulings a motion to correct the inconsistency or a motion for a new trial should have been filed. Feldmen v. Davey Development Company, Inc., 340 Mass. 784 (1959); Vieira v. Balsamo 328 Mass. 37, 39 (1951).
The docket does not indicate that either motion was filed. A trial court frequently grants request for rulings, then finds against the same party. This is not necessarily inconsistent. Mastercraft Wayside Furniture Co. v. Sightmaster Corp., 332 Mass. 383 (1955).
Plaintiffs’ requests numbered 5, 6, 7, and 14, appear to be directed toward the sufficiency of the evidence.
. An Appellate Division cannot review Findings of Fact as such. Its only authority is to pass upon the soundness of rulings of law given or refused by the judge who hears the case, or other matters of law arising at the trial. Himelfarb v. Novadel Agene Corporation, 305 Mass. 446, 449 (1940); Loanes v. Gast, 216 Mass. 197, 199 (1913); Palma v. Racz, 302 Mass. 249, 250 (1939). Excepting in cases where the party seeking review has directly challenged the sufficiency of the evidence, the findings of the trial judge will not be set aside if they can be supported on any reasonable view of the evidence with all rational inferences of which it is susceptible. Reid v. Doherty, 273 Mass. 388, 389-390 (1930). Lender v. London, 286 Mass. 45, 47 (1934); Spencer v. Burakiewicz, 288 Mass. 83, 85 (1934); Aluminum Products Company v. Regal Apparel Co., 296 Mass. 84, 87 (1936); Carando v. Springfield Cold Storage Co., Inc., 307 Mass. 99, 101 (1940).
The defendant has challenged the sufficiency of the evidence to support the findings of the trial judge. The evidence shows that the buyers had posed a series of questions to Rapoza which were answered after receiving information from Vera.' The plaintiffs had been shown the listing by Rapoza which indicated that both the exterior and interior of the premises were in very good condition. Mrs. Ryán visited the property on several occasions prior to closing and had noticed some markings on the plaster near the skylight. She inquired about it and was told that the work had been done on the roof and that there were no problems with any part of the roof except the part where flashing had been put in between the main house and the addition and then only in very severe storms blowing in certain directions. She tested the oven fan and on inquiry was told that all of the appliances and alarms worked. She noticed a broken wire on the burglar alarm and found out it didn’t work, whereupon the purchase and sales agreement provided for fixing the alarm. Mrs. Ryan was a home economics teacher who had considerable experience both personally and in her profession with new and used stoves and dishwashers. The dishwasher and stove in the house were Kitchen Aid products manufactured in the late sixties and considered to be top of the line. Mrs. Ryan indicated that she had not relied on the “very good” statements on the listing.
The roof was repaired by a friend of the plaintiffs’ who also teaches in the same school where the plaintiffs are employed. He indicated that the roof was twenty-five (25) to thirty (30) years old. Mr. Ryan made two (2) inspections of the house and likewise asked questions which were answered. He also had a plumber look at the heating system.
The trial judge found as a fact that the plaintiffs did not in any way rely upon the statements of Vera or Rapoza in making their decision to purchase the property.
*220 The general and special findings of the trial judge in an action at law are to stand if warranted in law upon any possible view of the evidence. It is not the function of this Division to pass upon the weight of the evidence even tholigh reported in full. The only question for us to decide on that phase of the case is whether upon the evidence, with all rational inferences which might be drawn therefrom, the findings can be sustained. The general finding is conclusive if there is any evidence to support it. Moss v. Old Colony Trust Company, 246 Mass 139, 143, 144 (1923); Heil v. McCann, 360 Mass. 507 (1971).
We find no error in the denial or request No. 5, 6, 7, and 14.
We also find no error with regard to the trial courts denial of requests 17 and 18. Requests for Rulings indicating that there is evidence to warrant a finding cannot justifiably be denied unless the ruling requested is rendered immaterial by a special finding of fact. The party requesting such a ruling is entitled to his request or to a statement of a finding of fact that the ruling had become immaterial. Hoffman v. City of Chelsea, 315 Mass. 54 (1943).
If a judge refuses a requested ruling, either expressly or impliedly by ignoring it, and decides the case against the party presenting the request, he should make such findings, stated to be findings of fact upon all the evidence, as will show that his decision is not the result of any ruling that the evidence is insufficient as a matter of law to warrant a finding in favor of that party. Liberatore v. Town of Framingham, 315 Mass. 538 (1944).
We believe that the judge’s several rulings and findings when considered in their entirety, indicate that his ultimate decision was not due to the application of incorrect principles of law, but rather that it was based on his subsidiary findings of fact. DiGesse v. Columbia Pontiac Co. Inc., 369 Mass. 99 (1975); Gustafson v. Metropolitan Transit Authority, 333 Mass. 769, 770 (1956).
In denying request No. 5, the Court found that “the statements of Ann Rapoza did not deceive the plaintiffs”. Reliance is an element of actionable fraud. Kilroy v. Barron, 326 Mass. 464, 465 (1950).
There being no error the report is dismissed.