Ruma, J.
This is a petition to establish the •aft report which was dismissed, without hearing, by the tr Dist./Mun. Cts. R. Civ. P., Rule 64(c)(2% ompliance with
The defendant’s election to pro'’ ,on to establish was ill-advised, for the defend missed rather than disallowed. The dismissal ..-viewed and remedied solely upon a report of dismissal. Gallagher v. Atkins, 305 Mass. o v. Eagle Realty Assoc., Inc., 1982 Mass. App 1980 Mass. App. Div. 122. As the defends ..sed, there is presently no draft report on file in mid be established by this Division upon petition or Systems, Inc. v. Cacopardo, 370 Mass. 255, 258 (1976); velli, 1983 Mass. App. Div. 56; Farrar v. Huppar, 59 Mass App. (1976).
The docket in .ates, however, that the defendant also filled a timely request for a report and draft report[1] which expressly allege error in both the trial court’s order of draft report dismissal and its denial of the defendant’s request for a draft report hearing.[2] In so doing, the defendant successfully preserved his right to appellate consideration of these issues; and such right remains unaffected by this interim denialof an unnecessary and inappropriate petition to establish.
Petition denied.

Our review of the issues raised in this January 3, 1986 draft report will proceed upon the trial justice’s review of the defendant’s draft and his settlement and signature of a report pursuant to Dist./Mun. Cts. R. Civ. R, Rule 64(c)(4).

Rule 64(c)(4) of the Dist./Mun. Cts. R. Civ. P. states, in relevant part: “Any party may, within 15 days after the filing of á draft report, file a request in writing for a hearing thereon. Such a hearing shall be held in any event unless the court intends to allow the draft report as submitted.”