Shubow, J.
This is a petition to establish the draft report filed by the defendants.[2] The original case involved a controversey over the plaintiffs’ dissatisfaction with a house built and sold to them by the defendants. The trial judge made a finding for the plaintiffs in the sum of fifteen thousand dollars ($15,000).
After considering the draft report filed by defendants the judge entered the following order:
The document labeled ‘Draft report’ cannot be said to be in appropriate form for a report. It is rather a narrative of the defendant’s view of the evidence. It contains many statements as facts which were clearly not found by me in light of my action with respect to requests and the ultimate conclusion which I reached in the case.
The document then is deficient both as to its form and inaccurate as to its content.
At the hearing on the draft report counsel for the defendant was invited to submit a further draft report which conformed to the rule as to form and was accurate as to content. Counsel declined that invitation.
I must therefore both deny and disallow the report.[3]
The defendants have manifestly rejected the invitation extended by the judge to work on improving the contents of the proposed report and have elected to stand on their petition to establish the report rejected by the judge as deficient in form and content.
We are constrained to deny the petition to establish.
In the first place, to the extent the judge is seen to have dismissed the report, • the defendants have not adopted the correct remedy. The proper way to test the validity of an order dismissing a draft report is by claim of report and not by a petition to establish a report. Connecticut Bank and Trust Co. v. Phaneuf, 37 Mass. App. Dec. 196 (1967); Deacy v. The First Nat’l. Bank of Boston Exec., 49 Mass. App. Dec. 52 (1972); Parkway Imports, Inc. v. Askinos, 37 Mass. App. Dec. 200 (1967). Upon the claim of report, the filing of a draft report setting forth the circumstances under which the dismissal occurred is required so. *106 that attention maybe focused on what the judge did and what his reasoning and rulings were on the issue of dismissal. See Farrar v. Hupper, 59 Mass. App. Dec. 91 (1976). It should also be understood that when a draft report has been dismissed there is no report to be established. “We have long recognized the difference between dismissal and disallowance of a draft report as they relate to the procedural steps necessary to preserve appellate remedies. .. . Where a judge’s order is interpreted as dismissing a claim for report and draft report, the remedy is to file a request for a report of the dismissal in the Appellate Division since no draft report which could be established is on the files of the trial court.” Comfort Air Systems, Inc. v. Cacopardo, 370 Mass. 255, 258 (1976). See also the succinct discussion in Mason, Jr. v. Perlman, 1986 Mass. App. Div. 44.
But the judge also disallowed the draft report. Under Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (6), dismissal of draft reports occurs upon a failure to comply with the applicable statutes or orders. Under Rule 64 (e), dealing with disallowance of a report, the concern is usually with the substantive contents of the report.
A report is properly disallowed where the reasonable call of the judge for inclusion of material matter is rejected by the party with the burden of preparing the draft report. Kelly v. Foley, 284 Mass. 503, 509 (1933). (It goes without saying that exclusion of matter conformable to the truth and sought to be included by an aggrieved party could also not be countenanced.) Counsel and the judge together share the responsibility of fashioning a concise document, in obedience to the provisions of Rule 64 (c) (iii) (2), as illuminated by Form 33 appended to the rules. Here the appellant refused an opportunity to do his part. Extended recitals of the evidence warranting findings contrary to those actually reached amount to no more than a call for a de novo trial which it is not within the province of the Appellate Division to provide. Our limited review is to questions of law. Ryan v. Patterson, 34 Mass. App. Dec. 113 (1966).
A substantial portion of the draft report, if not its major portion, asserted claims of error by the judge in the admission of testimony over objection. The opening provisions of Rule 64(a) mandate that “When an objection is made to a ruling on the admission or exclusion of evidence, a request for a report shall be made at the time of the rule and shall be reduced to writing and filed with the clerk within 5 days after the hearing of all evidence.” (Emphasis supplied.) DiPompo v. Ken Realty Trust, 1979 Mass. App. Div. 294, 298-299; Bilange Coffee Shop, Inc. v. Soda Fountains, Inc., 20 Mass. App. Dec. 3, 8-9 (1960).
Notwithstanding the procedural deficiencies discussed, we have examined the appellant’s allegations of error on the part of the judge and are satisfied that the defendants had a full and fair trial. Many of the requests for rulings denied were deniable as requests for findings of fact. None of the thirty-four requests suggested that a finding for the plaintiff was not warranted. In passing, we note that were the report properly before us we would have had to deal with the absence of special findings by the court. These would have been helpful in demonstrating the process by which the judge reached his ultimate finding. On the other hand there was no request for a ruling addressedto the insufficiency of the evidence to support the result and, in the absence of such a request, we would not have been authorized to treat the subject. Bushnell v. Bushnell, 393 Mass. 462, 475 (1984).
Petition denied.

A motion to amend the petition has been denied.

The judge’s use of the word “deny” is taken by us in context to mean dismissal of the report.