Forte, J.
This is a petition to establish the defendant’s draft report which was disallowed by the trial justice.
In its proposed draft report, the defendant claims to be aggrieved by the court’s denial of the defendant’s “Motion to File Late Removal” and “Motion to Recall Execution Pursuant to Appeal.” The proposed draft indicates that the defendant received a document entitled “Findings of Fact” on March 25,1987; that judgment was entered for the plaintiff on April 7, 1987 and that the defendant filed a G.L. c.231, § 104 request for removal, fee and bond on April 9, 1987. The question posed for appellate review is whether the defendant’s March 25,1987 receipt of the court’s “Findings of Fact” constituted “notice of the decision and finding”[1] so as to have triggered the commencement of the ten day statutory filing period then applicable to the removal of cases to the Superior Court Department for jury trial. The trial court answered this question in the affirmative, ruling that the defendant’s April 9, 1987 request for removal was untimely.
A hearing was conducted on the defendant’s subsequent draft report and amended draft report. The trial court ultimately issued an extensive order denying[2] and disallowing the defendant’s draft report, and the defendant thereafter petitioned this Division to establish the same.
*52 We concur with the trial justice’s assessment that the defendant failed to satisfy its burden of insuring that the draft report at issue constituted an accurate and complete record of relevant trial court proceedings. Burick v. Boston Elev. Rwy., 293 Mass. 432, 435 (1936); Watson v. Falwell, 1983 Mass. App. Div. 326, 327.
The defendant’s draft report is critically deficient in that it omits several matters essential to appellate review. Although the defendant claims to be aggrieved specifically by the court’s denial of its motions to file late removal and to recall execution, neither of these motions is attached to the defendant’s draft report or set forth in the text thereof. We obviously cannot review what is not presented for review. Kaps, Inc. v. Sherman, 1983 Mass. App. Div. 24, 25-26; Fiorino v. Worcester Polytechnic Inst., 1981 Mass. App. Div. 47, 48. Similarly, the draft report includes only a general reference to the court’s March 25, 1987 “Findings of Fact,” the construction of which would be essential to a resolution of the dispositive issue of whether such “Findings of Fact” constituted a “notice of the decision or finding cognizable under G. L. c.231, § 104. A copy of the Findings is not attached to the defendant’s draft and cannot simply be incorporated by reference without the permission of this Division. Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (2); Lopes v. A. Pontes & Sons Construc., Inc., 191 Mass. App. Div. 199, 200-201; Meyer v. Hooker, 51 Mass. App. Dec. 142, 146 (1973).
Further, the defendant’s paraphrasing of the language of the court’s Findings of Fact is misleading. The draft report states that such document indicated that the court “would find” for the plaintiff. The court’s findings of fact are not susceptible to such a prospective interpretation and actually embody both the court’s final disposition of the defendant’s Dist./Mun. Cts. R. Civ., Rule 64(b) requests for rulings and ultimate finding for the plaintiff.[3] This critical discrepancy, coupled with other significant omissions, including the fact that the defendant filed a motion for a new trial in response to the court’s findings thereby treating the findings as final, render the defendant’s draft report too inaccurate and unreliable to serve as a vehicle for appeal to this Division. A petition to establish an incomplete or inaccurate draft report must be denied. Theurer, Inc. v. Eaton-Turner, Inc., 1983 Mass. App. Div. 115.
We note, finally, that the defendant’s draft report is also marred by other procedural and substantive infirmities. Although not duly prolix, the draft does contain certain extraneous recitals which should have been deleted. Berninger v. Small, 1986 Mass. App. Div. 87, 88; Vernon A. Martin, Inc. v. Glidden, 1980 Mass. App. Div. 120, 121. Attestation of the truth and accuracy of the draft report is also inadequate sis it is made only upon the “knowledge and belief’ of counsel. Cook v. Kozlowski, 351 Mass. 708 (1967); Dreikorn v. Durkin, 1983 Mass. App. Div. 267, 268.
The trial court’s disallowance of the defendant’s report is hereby affirmed.[4] The defendant’s petition to establish is denied.

At the time the court entered findings in this case, G.L, c.231, § 104 provided: “ [a] party who would have been entitled to remove the case for trial in the superior court as hereinabove provided but for the fact that the amount of the claim ... does not exceed twenty-five thousand dollars shall, if he desires trial by the superior court, file an entry fee of fifty dollars and bond within ten days after notice of the decision or finding.” The procedural confusion in this case is attributable to an unexplained nineteen day delay between issuance of copies of the court’s Findings of Fact to the parties, and the entry of judgment pursuant to Dist./Mun. Cts. R. Civ. P. 58 and 79 and notice thereof. A trial court clerk is required under Dist./Mun. Cts. R. Civ. P. 77(d) to issue notice of judgment. The procedural rules do not, however, mandate any prior issuance of notice of decision or finding as was done in this case. It may be asssumed that G.L. c.231, §104 envisions a simultaneous entry of judgment and issuance of notice, from date of receipt of which the removal period begins to run.
G.L. c.231 ,§104 was amended by St. 1987, c.251, §2 which increased the removal period from 10 to 30 days. '

The denial of a draft report is tantamount to its dimissal, Brooks v. Hautala, 1984 Mass. App. Div. 254; Hart v. Keoveney, 1980 Mass. App. Div. 59, and is appropriate when the draft report is untimely, contains no question of law for review or otherwise fails to comply with dispositive provisions of Dist./Mun. Cts. R. Civ. P. 64. See, generally, Locke v. Slater, 387 Mass. 682, 684-685 (1982); Arciero v. Eagle Realty Assoc., Inc., 1982 Mass. App. Div. 203, 204. A bifurcated draft report disposition often creates procedural confusion as to the nature and priority of remedies to be pursued by the aggrieved party. The exclusive remedy for an order of dismissal is a report challenging said dismissal, Mason v. Perlman, 1986 Mass. App. Div. 44; Little v. Heimlich, 198 Mass. App. Div. 122, whereas the disallowance of a draft report requires the filing of a petition to establish. F.D.I.C. v. Daniel, 1984 Mass. App. Div. 98, 99. As the trial court’s sustainable objections to the defendant’s draft report in this case are confined to deficiencies and inaccuracies in the content of the draft, an order of disallowance was alone warranted. See, generally, Randazzo v. O'Brien, 1984 Mass. App. Div. 220, 222; Marquis v. Galasti, 1984 Mass. App. Div. 218, 219.

A copy of the Findings of Fact is appended to the court’s order of disallowance.

Certain items set forth in the court’s order of disallowance provide useful background information on post-judgment proceedings in this case, but do not perse constitute valid grounds for draft report disallowance. These include the court’s assessment of the defendant’s appeal as lacking merit in view of statutory mandates and established case authority; and the court’s characterization of its denial of defendant’s motion to recall execution as an exercise of judicial discretion. An allegation of abuse of discretion presents a reviewable question of law. Randazzo v. O'Brien, 1984 Mass. App. Div. 220. The defendant’s rejection of an alternative draft report prepared and proposed by the trial justice would also fail as a justifiable basis for disallowance. Rule 64 does not envision or permit competing draft reports, and drafts prepared by the court or the appellee have no standing. An aggrieved party is entitled under Rule 64 to either the settlement of hi£ draft report, or to a direct disallowance of dismissal of the same. Powers v. Caplan, 1985 Mass. App. Div. 15; Davis v. Commercial Union Ins. Co., 1984 Mass. App. Div. 237, 238-239.