Dolan, J.
This is a petition to establish the defendant’s draft report which was disallowed by the trial judge. According to the draft report, this is an action for breach of contract in which the plaintiff seeks to recover for services rendered to the defendant. In addition to answering the complaint, the defendant asserted counterclaims alleging breach of contract, breach of express warranty and a violation of M.G.L.c. 93A.
' The trial was commenced on January 20,1988 in the Orleans District Court. At that time, the defendant filed requests for rulings of law with the court. The trial was continued on February 9,1988, at which time the plaintiff completed the presentation of his evidence. The third and final day of the trial was *45 scheduled by the court for March 16, 1988. Neither the defendant nor his counsel appeared before the court on March 16, 1988. On that date, counsel for the plaintiff presented and the court granted the defendant’s motion for a continuance and continued the trial to April 27, 1988. Neither the defendant nor his counsel appeared before the court on April 27,1988, but, again, counsel for the plaintiff presented the defendant’s motion for a further continuance. The court denied the defendant’s motion and, pursuant to Dist./Mun. Cts. R. Civ. P., Rule 58, entered judgment for the plaintiff in the sum of $23,493.82 and dismissed the defendant’s counterclaims.
Subsequently, the defendant filed a motion for relief from the judgment pursuant to Dist./Mun. Cts. R. Civ. P., Rule 60(b) which was denied by the trial judge. The defendant then filed a motion to amend the judgment pursuant to Dist./Mun. Cts. R. Civ. P., Rule 52(b) which was also denied. Subsequent to the denial of these motions, the defendant duly filed a request for a report and submitted a draft report to the trial judge which was disallowed.
The defendant claims to be aggrieved by an evidential ruling by the trial judge, the trial judge’s failure to make rulings of law, and the trial judge’s denial of the defendant’s motion for a continuance and motion for relief from judgment.
Since this is a petition to establish the proposed draft report, we must first determine whether such report is sufficient to serve as the trial court record of this case. See Berninger v. Small, 1986 Mass. App. Div. 87. We find that the proposed draft report is not sufficient. It is apparent that the defendant in drafting this report has chosen not to adhere to Rule 64(c)(2) of the Dist./Mun. Cts. R. Civ. P. by following Form 33, which sets forth a “Draft Report Model.” Had he done so, he would not have omitted the necessary statement that the report contains all evidence material to the questions reported. “The absence of this explicit assurance of a draft report’s content permits an inference that the report in question is fatally incomplete.” Kaps, Inc. v. Sherman, 1983 Mass. App. Div. 24, 25, citing Comfort Air Systems v. Cacopardo, 370 Mass. 255, 259 (1976). Furthermore, the proposed draft report reads more like a brief than an objective record of the case. It contains arguments in favor of the defendant’s contentions, complete with citations. In light of the aforementioned deficiencies contained in the proposed draft report, we must deny the defendant’s petition to establish such report.
Notwithstanding the procedural infirmities of this draft report, we note that the report discloses no error of law by the trial j udge. Coen Marine Equipment, Inc. v. Kurker, 392 Mass. 597, 599-600 (1984) and Berninger, supra at p. 88.
The defendant is claiming to be aggrieved by a ruling of the trial judge allowing a witness to testify from a “trial journal” which was not introduced into evidence. It is impossible for us to make a determination as to the correctness of this ruling. The report is unclear as to the question(s) before the witness. See Dist./Mun. Cts. R. Civ. P., Rule 64(a). For example, if the witness was asked to demonstrate his ability to read, there would be no error by the trial judge in allowing the witness to do so. We therefore decline to review the trial judge’s ruling.
The defendant also claims to be aggrieved by the trial judge’s failure to act on his written requests for rulings of law. As a general rule, a trial judge’s failure to act on requests for rulings is deemed to be a denial of such requests. Maxwell v. Norwood Marine, Inc., 58 Mass. App. Dec. 59, 62 (1976). However, we cannot review the denial of such requests, since the written requests are not set forth in the proposed report. See Dist./Mun. Cts. R. Civ. P., Rule 64(b). We cannot review that which is not before us. Kaps, Inc., supra at p. 25.
*46 Finally, the defendant claims to be aggrieved by the denial of his motion to continue the trial and by the denial of his motion for relief from judgment pursuant to Rule 60(b). The defendant’s motion for a continuance and any supporting affidavits have not been annexed to the proposed draft report. Therefore, the issue would not be properly before us for review. We note, however, that a decision as to whether or not a motion for continuance should be granted rests solely within the trial judge’s discretion. Foote v. Process Equipment Co., 353 Mass. 755 (1967); Gynan v. Jeep Corporation, 13 Mass. App. Ct. 504, 506 (1982). We find no abuse of that discretion in the present case. The defendant claims, in an affidavit submitted with this petition, that a continuance was warranted due to delays in obtaining transcripts of the first two days of testimony. This was also the reason given for the defendant’s first motion for continuance, which was allowed by the trial judge. However, it is still not clear to this division why a motion to continue the trial was not brought until the day on which the trial was scheduled. The defendant was certainly aware of the delays at least one week before the trial date. The trial judge was well within his discretion to deny such an untimely motion.
The defendant’s Rule 60(b) motion and supporting affidavits have been annexed to the draft report.[2] While no specific reference is made as to which subsection of Rule 60(b) is the basis for this motion, we conclude that “excusable neglect” is thereason upon which the defendant relies. Motions made pursuant to Rule 6-(b) are also subject to judicial discretion. Atlas Elevator Co. Inc. v. Stasinos, 4 Mass. App. Ct. 285, 288 (1976). Absent a showing of abuse of discretion, the action of a trial judge will not be set aside. “Abuse of discretion, the action of a trial judge will not be set aside. “Abuse of discretion consists of judicial action that no conscientiousjudge, acting intelligently, could honestly have taken. Rosa v. Morgan, 1986 Mass. App. Div. 173, 174.
We find no abuse of discretion in the present case. While we can appreciate that situations do arise necessitating last-minute requests for continuances, the defendant had ample time to file his motion before the scheduled trial date. Since we have been asked to establish a deficient report and we find no error of law presented in such report, the defendant’s petition is hereby denied.

 The defendant’s motion ultimately requests the trial judge to vacate a default judgment. We note that no default judgment had been entered pursuant to Rule 55(b), but rather, a judgment was entered pursuant to Rule 58. It appears from the docket and proposed draft report that when the defendant failed to appear on the third day of trial, the trial judge considered the trial concluded and rendered a judgment based on evidence received on the two prior days of trial.