Lombardo, J.
This case is before us as a petition by the plaintiff to establish a report of the trial court proceedings of the case. The petition was filed after the trial judge disallowed the draft report submitted by the plaintiff. By virtue of Dist/Mun. Cts. R. Civ. P., Rule 64 (e), the plaintiff s only recourse following the disallowance of his report is to ask this division to act as the trial judge and compose an accurate and complete record of the case at the trial level.
This petition presents several difficulties. First, the docket sheet provided by the clerk of the trial court is patently inadequate. It appears that entries were omitted, such as the date of the entiy of the judgment, the date of the filing of the plaintiffs request for a report, and the date of the filing of this petition. Furthermore, the entries themselves are confusing. We cannot stress enough the importance of providing a complete and accurate copy of the docket entries to this division. The docket sheet serves as our official “replay” of the chronology of the case. Without it, we áre unable to determine the timeliness of filings under Rule 64.
Second, the trial judge failed to set forth in writing his reasons.for disallowing the report, as required by Dist/Mun. Cts. R. Civ. P., Rule 64(c) (5). Thus, we do not know why the trial judge was unable to settle this report This knowledge is crucial to our decision on the petition.
Furthermore, the draft report which the plaintiff seeks to establish does not appear to be sufficient to serve as the trial court record of this case. The draft report appears to contan only that evidence introduced at trial which was favorable to the plaintiff. It is replete with brief-like arguments on behalf of the plaintiffs position. This draft report can hardly be characterized as an objective record of the case. Von Thaden v. Villate, 1989 Mass. App. Div. 44.
The attestation of the truth and accuracy of the draft report is also inadequate as it is made only upon the “best knowledge” of the plaintiffs counsel. Hatem v. Merrimack Lincoln-Mercury, Inc., 1988 Mass. App. Div. 51, 52 citing Cook v. Kozlowski, 351 Mass. 708 (1967).
In light of the foregoing problems, we are hesitant to rule on the plaintiffs petition. Rather, we believe that in fairness to all concerned, the case should be remanded to the trial judge with our instruction that he settle the report or set forth in writing his reasons for not doing so. As we have recently stated in Federico v. Ragusa, 1990 Mass. App. Div. 93, 94,
Black’s Law Dictionary II defines ‘settle’ to mean reaching an agreement In the context of Rule 64 (c) (4), ‘settle’ means that the appellant be given the *126 opportunity to agree to the trial judge’s proposed deletions or additions to the report... To the extent appellants refuse to modify the report in accordance with the trial judge’s proposed deletions, additions, or changes with respect to form, these specific deletions, additions, or directions should be incorporated by the trial judge in his findings and reasons for disallowance.
The appeal or the petition can then proceed. Also, we ask that a more complete and accurate docket sheet be provided by the clerk of the trial court.