Dolan,PJ.
ThedefendanthaspetitionedtoestablishareportpursuanttoDist/Mun. Cts. R. Civ. P., Rule 64(e).
The plaintiff brought suit in Taunton District Court seeking to collect an allegedly unpaid balance on a VISA credit account The defendant claimed that he resided in Rhode Island at commencement of this action and did not sign the credit card agreement in Massachusetts. If defendant’s allegations are true, then according to the Federal Fair Debt Collection Practices Act the plaintiff is precluded from bringing this action in Massachusetts. The defendant filed a motion to dismiss for lack of jurisdiction which was denied. The defendant subsequently sent a letter to the presiding judge of the Taunton District Court, not the motion judge, requesting a report of the case and asking that the letter serve as his draft report After a hearing, the motion judge disallowed the defendant’s request for a report because of the interlocutory nature of the ruling and the defendant’s noncompliance with Rule 64(c) (3) in failing to provide a copy of the request to the motion judge.
The interlocutory nature of defendant’s appeal does not necessarily preclude this court from hearing the appeal. As a general rule, without special authorization, “interlocutory matters are not subject to appellate review until the case is ripe for final judgment...” Pollock v. Kelly, 372 Mass. 469, 472 (1977). Seealso Donoghue v. Donoghue, 5 Mass. App. Ct. 876 (1977). “This rule stems from the burdensome nature of piecemeal appellate review.” Cappadona v. Riverside 400 Function Room, Inc., 372 Mass. 167, 169 (1977). However, an interlocutory appeal challenging the trial court’s authority to preside over this dispute should in the interest of expediency be heard by this division. In Chavoor v. Lewis, 383 Mass. 801 (1981), the Supreme Judicial Court allowed an appeal that challenged the trial court’s authority in granting a motion to vacate judgment. The Court stated that an appeal may be entertained “to the extent necessary to determine whether the judge had power to grant the motion.” Id. at 805. The interlocutory appeal in the case at bar challenges the very authority of the court to hear any part of the case. Because the appeal involves such a fundamental and important issue, i.e. whether Taunton District Court was the correct forum, it is an appropriate matter for review, despite the interlocutory nature of the appeal.
Even though it is an appropriate matter for review, we are mindful of the posture of the case. The petition comes before us as a petition to establish the defendant’s draft report In this case the defendant’s failure to comply with Dist./Mun. Cts. R. Civ. P., Rule 64 is fatal. Instead of following Form 33, the draft report model, the defendant sent a letter that reads like a brief and offers a one-sided account of the case. See Von Thaden v. Villate, 1989 Mass. App. Div. 44. Further, nothing in the letter indicates that there was any evidence or admissions presented to the motion judge from which he could have found that the defendant was not a resident of Massachusetts at the *147 commencement of this action or that he did not sign the credit card agreement in Massachusetts. Instead, attached to the letter is an affidavit of the defendant, signed after the denial of the motion to dismiss, that attempts to establish the very issue on appeal, namely that the defendant is not a resident of Massachusetts and did not sign the credit card agreement in Massachusetts. We will not consider evidence that was not presented to the motion judge. See Trustees of Stigmatine Fathers., Inc. v. Secretary of Administration and Finance, 369 Mass. 562, 565 (1976).
In addition, the petition to establish is not timely. Rule 64 (e) provides that apetition to establish a report be filed within five days after notice of disallowance. Defendant’s request for a report was disallowed on February 28,1990 with notice given on that date in court, to all parties. Defendant’s petition was filed March 19,1990.
Because of the deficiencies in the report and because the petition is untimely, we need not review the failure of defendant to provide a copy of the letter to the motion judge.
Petition denied.